■ HERMAN SIMMS et al., Respondents, v NORTH SHORE UNIVERSITY HOSPITAL et al., Appellants, et al., Defendant. [597 NYS2d 113] —In an action to recover damages, *inter alia,* for medical malpractice, the defendants North Shore University Hospital and Ezra Feuer appeal, and the defendant Steven Feinstein separately appeals, from an order of the Supreme Court, Nassau County (Roberto, J.), dated February 8, 1991, which denied the motion by North Shore University Hospital and Ezra Feuer, and the cross motion by Steven Feinstein, for summary judgment dismissing the complaint insofar as it is asserted against them.

Ordered that the order is reversed, on the law, with costs, the appellants' respective motion and cross motion for summary judgment are granted, the complaint is dismissed insofar as asserted against them, and the complaint against the remaining defendant is severed.

The plaintiff Herman Simms was admitted to the defendant North Shore University Hospital (hereinafter North Shore) for the treatment of severe depression. While there, his care purportedly was the responsibility of the defendant doctors Steven Feinstein and Ezra Feuer, who allegedly prescribed or permitted the administration of antipsychotic drugs as part of his therapy. However, as noted in North Shore's records, the plaintiff eventually exhibited "significant anticholinergic side effects" from some of the drugs, thus prompting the reduction and ultimate discontinuation of this aspect of his treatment. Subsequent to his discharge from North Shore, the injured plaintiff commenced this action to recover damages, *inter alia,* for alleged permanent nerve damage which he claims to have suffered as the result of the drug therapy. North Shore and the aforementioned doctors moved for summary judgment, but the Supreme Court denied the motions, finding that triable issues of fact existed with regard to the propriety of the treatment rendered to the plaintiff. We disagree.

The submission by the appellants of medical affidavits and documentary evidence sufficed to establish prima facie their entitlement to judgment as a matter of law, thereby shifting the burden to the plaintiffs to lay bare their proof and demonstrate the existence of a triable issue of fact *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851). The plaintiffs failed to sustain this burden. Under the circumstances of this case, the plaintiffs were required to come forward with expert medical opinion evidence in order to demonstrate the merit of their action *(see, Fiore v Galang,* 64 NY2d 999; *Wind v Cacho,* 111 AD2d 808). However, they merely submitted an unsigned, unsworn letter of a physician in opposition to the motions. This letter did not constitute evidentiary proof in admissible form sufficient to defeat the motions for summary judgment *(see, Grasso v Angerami,* 79 NY2d 813; *Pagano v Kingsbury,* 182 AD2d 268; *Majestic Farms Supply v Surowiec,* 160 AD2d 777; *see generally,* CPLR 2106). Sullivan, J. P., Balletta, Lawrence and Eiber, JJ., concur.