■ CAROLINE MILLER, Individually and as Executrix of LEONARD MILLER, Deceased, Appellant, v JAMES M. SULLIVAN, Respondent. [625 NYS2d 102] —Cardona, P. J. Appeal from an order of the Supreme Court (Kahn, J.), entered November 5, 1993 in Albany County, which granted defendant's motion for summary judgment dismissing the complaint.

This medical malpractice action stems from a cardiac arrest suffered by Leonard Miller (hereinafter decedent), a dentist, at 1:30 P.M. on July 11, 1986 while waiting to see defendant, a physician, at his office located at St. Peter's Hospital in the City of Albany. Decedent had telephoned defendant, his friend, that morning between 9:30 and 10:00 A.M. from his dental office stating, according to defendant, that he was having back pain. Although decedent was resuscitated following the cardiac arrest, he suffered brain damage and eventually died in 1989.

This action was commenced in 1989 several months prior to decedent's death. Thereafter, defendant moved for summary judgment, claiming that no physician-patient relationship existed as a result of the telephone communication and, in any event, that he committed no malpractice in the conversation nor in the treatment rendered decedent after his heart attack. Supreme Court, finding no dispute of the facts necessary to decide the motion, agreed with defendant's conclusion and granted the motion. Plaintiff appeals.

Initially, we find that defendant's evidence conclusively established that no physician-patient relationship existed

prior to the day of decedent's heart attack when he telephoned defendant. Although a physician-patient relationship can arise out of a telephone call *(see, Bienz v Central Suffolk Hosp.,* 163 AD2d 269), the relationship is created when professional services are rendered and accepted for purposes of medical treatment *(see, Heller v Peekskill Community Hosp.,* 198 AD2d 265; *Lee v City of New York,* 162 AD2d 34, *lv denied* 78 NY2d 863). A telephone call affirmatively advising a prospective patient as to a course of treatment can constitute professional service for the purpose of creating a physician-patient relationship only when the advice, if incorrect, would be actionable *(see, Bienz v Central Suffolk Hosp., supra).* Thus, it must be shown that it was foreseeable that the prospective patient would rely on the advice and that the prospective patient did in fact rely on the advice *(cf., Heller v Peekskill Community Hosp., supra,* at 266).

Viewed in the light most favorable to plaintiff, there is evidence that during the telephone conversation decedent stated that he thought he was having a heart attack because he was sweaty, had back pain and was having trouble breathing. According to plaintiff, defendant told decedent "to come over and see him right away". There is no evidence that defendant gave decedent any other advice.* It is undisputed that the telephone call occurred in the morning, between 9:30 and 10:00 A.M. It is also undisputed that decedent did not go right over to defendant's office. Instead, decedent apparently continued to see his own patients for the rest of the morning and did not leave his office until early afternoon. Decedent went into cardiac arrest within minutes after he arrived at defendant's office.

Assuming that a physician renders professional service for purposes of medical treatment to a prospective patient who calls on the telephone when the physician tells the caller to come to his office right away, the record in this case conclusively establishes that decedent did not accept the professional service. Instead, decedent chose to pursue an entirely different course of conduct than that recommended by defendant. It is clear that decedent did not rely on the only advice allegedly given by defendant over the telephone, which was that decedent should come to defendant's office "right away". Nor was it reasonably foreseeable that decedent would ignore the advice and wait several hours before seeking medical treatment, even though he apparently believed he was having a

---

* There is no record of decedent's version of the conversation.

heart attack. In these circumstances, the evidence is insufficient as a matter of law to demonstrate the creation of a physician-patient relationship based upon decedent's telephone call to defendant. Supreme Court's order should, therefore, be affirmed.

Mercure, White, Casey and Peters, JJ., concur. Ordered that the order is affirmed, with costs.

