■ HENRY ROMATOWSKI, Appellant-Respondent, v GARY S. HITZIG et al., Respondents-Appellants. [643 NYS2d 686] —Spain, J. Cross appeals from an order of the Supreme Court (Torraca, J.), entered June 5, 1995 in Ulster County, which partially granted defendants' motion for summary judgment dismissing the complaint.

During the late 1980s, plaintiff noticed a loss of hair on the crown of his scalp and in late 1992 he saw defendants' television commercial concerning hair transplants. In November 1992 plaintiff had a consultation with defendant Gary S. Hitzig, a physician who recommended a scalp reduction; prior to the consultation plaintiff received a brochure and other promotional material in the mail concerning transplants and other available treatments, including scalp reductions. Plaintiff alleges that Hitzig stated that he could remedy most, if not all, of plaintiff's bald spot; plaintiff interpreted that to mean more than 50%. Plaintiff also alleges that Hitzig stated that if plaintiff was not satisfied with the results of the scalp reduction alone, a session of 50 to 60 grafts would completely cover any balding that remained.

Plaintiff underwent the scalp reduction procedure in June 1993; in September 1993, plaintiff had approximately 63 hair grafts transplanted. Dissatisfied with the results and declining further hair grafts or treatments, plaintiff commenced this action alleging medical malpractice, lack of informed consent, negligence, breach of contract, fraud, and assault and battery. Following discovery and examinations before trial, defendants moved for summary judgment dismissing the complaint. In response, plaintiff sought partial summary judgment on the issues of liability. Supreme Court partially granted defendants' motion by dismissing plaintiff's medical malpractice cause of action; however, finding issues of fact as to the remainder of the complaint, the court denied further relief. Plaintiff appeals the order to the limited extent that it dismissed the medical malpractice cause of action. Defendants cross-appeal from that portion of the order which failed to dismiss the remainder of the complaint.

Initially, we reject plaintiff's contention that defendants' moving papers were insufficient to establish an entitlement to summary judgment on the issue of medical malpractice (see, Alvarez v Prospect Hosp., 68 NY2d 320, 324). In support of their motion, defendants submitted an affidavit of Hitzig, which identifies the procedures used in regard to plaintiff, establishes that they were standard, safe, effective and medically accepted, and states that they were executed appropriately and routinely

without untoward effects or complications. Based upon Hitzig's affidavit and the transcripts of the examination before trial of the two defendant physicians, we conclude that defendants established a prima facia showing that there had been no medical malpractice in the treatment rendered to plaintiff. Plaintiff's response included, *inter alia*, three letters from different doctors discussing plaintiff's hair and scalp; significantly, plaintiff's opposition papers lack any expert analysis of defendants' treatment of plaintiff. We agree with Supreme Court that the unsworn letters submitted by plaintiff are not in an evidentiary format and, accordingly, are insufficient to defeat the motion for summary judgment (*see, Jederlinic v Arya*, 209 AD2d 586, 586-587; *Simms v North Shore Univ. Hosp.*, 192 AD2d 700, 701; *see also, Grasso v Angerami*, 79 NY2d 813, 814). In any event, regardless of their inadmissible format, the letters do not discuss plaintiff's treatment with defendants in terms of medical malpractice or deviations from standards and fail to raise an issue of fact in terms of medical malpractice (*see, Zuckerman v City of New York*, 49 NY2d 557, 562-563; *Hasbrouck v City of Gloversville*, 102 AD2d 905, *affd* 63 NY2d 916).

Furthermore, it is our view that defendants established an entitlement to summary judgment with respect to plaintiff's claim of a lack of informed consent. Hitzig's affidavit established that the physician fully discussed the procedure with plaintiff and plaintiff signed a consent form. In his examination before trial, plaintiff acknowledged that he had received written material prior to his initial consultation visit, was presented and watched several videotapes concerning treatments, consulted with Hitzig, discussed scarring, hair transplants and range of improvement, and did not request details of the procedure or its possible complications of which he was aware. While plaintiff factually challenged certain assertions made by defendants, we conclude that he failed to establish that his consent was not informed in terms of any reasonably prudent person standard.

Moving next to plaintiff's breach of contract cause of action, we conclude that Supreme Court correctly denied defendants' motion. In the amended complaint, verified by plaintiff and which constitutes an affidavit (*see,* CPLR 105 [u]), plaintiff alleges that defendants told him "they could eliminate most if not all of his baldness with [a] scalp reduction alone [but] in the event that some baldness remained after [the] scalp reduction, that fifty hair transplant grafts would serve to completely cover it". In his deposition, plaintiff described Hitzig as stating

that plaintiff might find the results of the scalp reduction so good that plaintiff might not want or need any grafting, but "if there is any remaining bald area and you want to have it covered, 50 grafts will completely cover it". In our view, plaintiff's allegations are sufficient to survive a motion for summary judgment (*see, Bobrick v Bravstein*, 116 AD2d 682, 683). Hitzig's allegation that plaintiff was not guaranteed a particular result merely creates a question of fact for a jury to resolve.

Finally, we conclude that Supreme Court erred by failing to dismiss the remainder of the complaint. First, where medical treatment is rendered with the actual consent of the patient, any alleged lack of informed consent is medical malpractice and not the intentional tort of assault and battery (*see, Spinosa v Weinstein*, 168 AD2d 32, 41; *Rigie v Goldman*, 148 AD2d 23, 28-29; *Oates v New York Hosp.*, 131 AD2d 368, 369). Here, the record clearly establishes the existence of plaintiff's actual consent to the treatment he received and a lack of any intent to harm plaintiff. Second, plaintiff's fraud allegations, which fail to allege damages separate and distinct from the damages allegedly sustained as a result of defendants' medical treatment of plaintiff, must also be dismissed. Where a fraud claim gives rise to damages which are not separate and distinct from those flowing from an alleged medical malpractice cause of action, it must be dismissed (*see, Spinosa v Weinstein, supra*, at 42; *LaBarke v Enzien*, 167 AD2d 709); here the alleged fraud is part and parcel of the alleged malpractice (*see, Coopersmith v Gold*, 172 AD2d 982, 984). Third, we conclude that Supreme Court erred in failing to dismiss all claims against defendant Seymour L. Handler. As shareholder, officer or employee of a professional corporation, Handler is not vicariously liable for the malpractice of other physicians in the practice (*see, Polokoff v Palmer*, 190 AD2d 897) and, accepting plaintiff's version of the office meeting, it is clear that Handler never accepted plaintiff as his patient (*see, Miller v Sullivan*, 214 AD2d 822).

We have reviewed plaintiff's remaining contentions and find them to be without merit.

Cardona, P. J., White, Casey and Peters, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied defendants' motion for summary judgment with regard to all claims against defendant Seymour L. Handler and the lack of informed consent, the fraud and the assault and battery causes of action; motion granted to that extent and all claims against defendant Seymour L. Handler are dismissed and the lack of informed consent, the fraud and

the assault and battery causes of action are dismissed; and, as so modified, affirmed.