■ ALAN BERKOWITZ, Appellant, v KINGSBORO MEDICAL GROUP, INC., et al., Respondents, et al., Defendants. [651 NYS2d 116] —In an action, *inter alia,* to recover damages for medical malpractice, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Levine, J.), dated December 6, 1995, as granted the respective motions of the defendants Sam Rizkalla and Kingsboro Medical Group, Inc., for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, with one bill of costs payable by the respondents appearing separately and filing separate briefs, and the motions of the defendants Sam Rizkalla and Kingsboro Medical Group, Inc., for summary judgment dismissing the complaint insofar as asserted against them are denied.

The plaintiff was treated by the defendant Sam Rizkalla for what was diagnosed as a urinary tract infection. Dr. Rizkalla's diagnosis was based on, *inter alia,* the discovery of "staph epidermidis" on a urethral culture. The treatment administered by Dr. Rizkalla included an intramuscular injection of Penicillin-G. The plaintiff alleges, *inter alia,* that such a course of treatment constituted medical malpractice and was the proximate cause of a severe allergic reaction that ultimately led to the development of Stevens-Johnson Syndrome. The defendant Kingsboro Medical Group, Inc., is alleged to be, *inter alia,* vicariously liable for the acts of Dr. Rizkalla. After issue was joined, Dr. Rizkalla moved, and the Kingsboro Medical Group, Inc., separately moved, for summary judgment dismissing the complaint insofar as asserted against them.

In opposition to the respective motions for summary judgment, the plaintiff submitted the affidavit of an expert wherein it was opined, with a reasonable degree of medical certainty, that Dr. Rizkalla deviated from good and accepted medical practice both in determining that the discovery of "staph epidermidis" on a urethral culture required treatment, and in so treating the discovery with an intramuscular injection of Penicillin-G. These assertions were based, *inter alia,* on textbooks considered authoritative indicating both that the normal flora of the male urethral orifice included staphylococcus epidermidis, thereby rendering Dr. Rizkalla's discovery of staph epidermidis, of "no medical significance", and indicating that an intramuscular injection of penicillin carried significant risks, including death, and should not be administered "without proper indication for both the need for parenteral treatment and the need for penicillin". These allegations raise

triable issues of fact sufficient to warrant denial of the respondents' motions for summary judgment *(see, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851; *Fiore v Galang,* 64 NY2d 999; *Simms v North Shore Univ. Hosp.,* 192 AD2d 700). Miller, J. P., Ritter, Pizzuto and Santucci, JJ., concur.