■ In the Matter of PATRICIA YY., Appellant, v ALBANY COUNTY DEPARTMENT OF SOCIAL SERVICES, Respondent. [656 NYS2d 414] —Spain, J. Appeal from an order of the Family Court of Albany County (Duggan, J.), entered June 27, 1995, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion for summary judgment and dismissed the petition.

In May 1991 petitioner voluntarily placed her son, Kevin (born in 1982), in the temporary custody of respondent. In June 1991 petitioner admitted neglecting the child and the child was placed with respondent for one year. After an unsuccessful attempt at reuniting with her child, petitioner voluntarily executed a judicial surrender in 1993. Within the surrender, which was approved by Family Court in 1993, petitioner reserved, *inter alia*, five visits per year with the child, at the child's discretion, based on his best interest; the surrender also allows petitioner to send the child birthday and Christmas gifts.

In February 1995 petitioner commenced a proceeding pursuant to Family Court Act article 6 wherein she alleged that she was denied visitation with her son by respondent and that she could not give the child birthday and Christmas gifts in 1994. Petitioner requested a modification in her visitation schedule to include "visitations scheduled on an every other month basis, with dates to be established 1 year in advance". In response, respondent moved pursuant to CPLR 3211 to dismiss the petition on the ground that petitioner lacked standing.

Family Court then notified the parties of its intent, pursuant to CPLR 3211 (c), to treat respondent's motion as one for summary judgment. Petitioner did not respond to respondent's motion or to Family Court's notice. Thereafter, Family Court dismissed the petition finding that there was "no triable issue of fact because the papers establish that it would not be in the best interest of the child to visit with [petitioner] at this time". Petitioner now appeals.

Initially, respondent now concedes that petitioner has standing. Notably, Social Services Law § 383-c grants biological parents standing in cases where, as here, visitation was reserved in the surrender agreement (see, Matter of Adoption of Gerald T., 211 AD2d 17, 21; Matter of Alexandra C., 157 Misc 2d 262). Next, we reject petitioner's contention that Family Court erred in converting the motion to dismiss into a motion for summary judgment. The Family Court Act does not prescribe a method or procedure for treating a motion to dismiss pursuant to CPLR 3211 or for converting such a motion into a motion for summary judgment. Therefore, pursuant to Family Court § 165 (a), the trial court's reliance on the CPLR was proper (see, Rovello v Orofino Realty Co., 40 NY2d 633, 635).

However, petitioner's assertion that Family Court erred in granting summary judgment has merit. Summary judgment is a drastic remedy and when granted is the procedural equivalent of a trial (see, Andre v Pomeroy, 35 NY2d 361). Issue finding, rather than issue determination, is the function of the court on a motion for summary judgment (see, Sillman v Twentieth Century-Fox Film Corp., 3 NY2d 395, 404). A motion for summary judgment requires that the movant must initially establish as a matter of law entitlement to the judgment being directed in its favor. The movant must tender evidentiary proof in admissible form showing that the cause of action has no merit in order to shift the burden to the opposing party (see, Wilson v Proctors Theatre & Arts Ctr. & Theatre, 223 AD2d 826, 828-829; Wilder v Rensselaer Polytechnic Inst., 175 AD2d 534; see also, CPLR 3212 [b]). There must be no material facts disputed sufficiently to warrant a trial (see, Zuckerman v City of New York, 49 NY2d 557, 562; Sillman v Twentieth Century-Fox Film Corp., supra, at 404; see also, CPLR 3212 [b]). When the visitation rights of a surrendering parent are judicially authorized, as herein, the termination or restriction of those rights must be either by consent of the surrendering parent or upon a showing that continued visitation would not be in the best interest of the child.

Here, in support of the motion to dismiss, respondent submitted a single affidavit of a foster care caseworker wherein she makes conclusory statements relying on a letter from a clinical psychologist and another letter signed by two social workers; both letters were submitted as exhibits in support of the motion to dismiss. Significantly, both letters were unsworn and are therefore insufficient to support a motion for summary judgment (*see, Grasso v Angerami*, 79 NY2d 813, 814-815; *Romatowski v Hitzig*, 227 AD2d 870, 871, *lv dismissed in part, lv denied in part* 89 NY2d 915; *Simms v North Shore Univ. Hosp.*, 192 AD2d 700, 701). In our view, issues of fact exist as to whether restricting petitioner's visitation was in the best interest of the child; those issues will best be resolved at a fact-finding hearing.

White, J. P., Casey, Peters and Carpinello, JJ., concur. Ordered that the order is reversed, on the law, with costs, and motion denied.