affidavits of plaintiff and Kiner's attorney sufficiently raised the issue (*see, Dunham v Hilco Constr. Co.*, 89 NY2d 425, 429-430). Although general merger clauses "do not serve to exclude parol evidence of fraud in the inducement * * * specific disclaimers contained within an agreement can provide an effective defense against allegations in a complaint which assert that the agreement was executed in reliance upon oral misrepresentations" (*Schooley v Mannion*, 241 AD2d 677, 678). Here, any misrepresentations concerning the condition of the premises were specifically covered by the disclaimers in the contract of sale, which provided that plaintiff had inspected the premises and was taking the premises "as is" (*see, McManus v Moise*, 262 AD2d 370, 371).

Finally, the breach of contract cause of action was also properly dismissed. Any contractual protection afforded by plaintiff's right to inspect the premises covered only defects that arose between July 31, 1990, the date of the contract of sale, and the date upon which plaintiff took possession. Plaintiff made no allegation that any defect arose during that period. (Appeal from Order of Supreme Court, Oneida County, Tenney, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ ROSEANNE GENNARO, Appellant, v STANLEY W. DZIUBAN, JR., et al., Respondents, et al., Defendant. (Appeal No. 1.) [715 NYS2d 684] —Appeal unanimously dismissed without costs (*see, Loafin' Tree Rest. v Pardi* [appeal No. 1], 162 AD2d 985). (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Wisner, Kehoe and Balio, JJ.

■ ROSEANNE GENNARO, Appellant, v STANLEY W. DZIUBAN, JR., et al., Respondents, et al., Defendant. (Appeal No. 2.) [715 NYS2d 684] —Order unanimously affirmed with costs. Memorandum: Supreme Court properly granted that part of the motion of Stanley W. Dziuban, Jr., M.D. and Albany Cardiothoracic Surgeons, P. C. (defendants) seeking summary judgment dismissing the cause of action for medical malpractice. Defendants sustained their initial burden on the motion (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 325; *Kremer v Buffalo Gen. Hosp.*, 269 AD2d 744, 745), and plaintiff failed to raise a triable issue of fact (*see, Alvarez v Prospect Hosp., supra,* at 327; *Kremer v Buffalo Gen. Hosp., supra,* at 745; *Laribee v City of Rome* [appeal No. 1], 254 AD2d 805; *Horth v Mansur,* 243 AD2d 1041, 1043). The court also properly granted that part of defendants' motion seeking summary judgment dismissing the