■ LOUIS P. GONZALEZ et al., Respondents, v SISTERS HOSPITAL et al., Appellants, et al., Defendant. [765 NYS2d 399] —Appeals from an order of Supreme Court, Erie County (Fahey, J.), entered July 29, 2002, which denied the motions of defendants Sisters Hospital, Sisters Health Group, Sanford H. Levy, M.D. and Timothy J. Collard, M.D. and the cross motion of defendant Richard Kessler, M.D. seeking summary judgment dismissing the complaint against them.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motions of defendants Sisters Hospital, Sisters Health Group, Sanford H. Levy, M.D. and Timothy J. Collard, M.D. and the cross motion of defendant Richard Kessler, M.D. and dismissing the complaint against those defendants and as modified the order is affirmed without costs.

Memorandum: Supreme Court erred in denying the motions of Sisters Hospital, Sisters Health Group, Sanford H. Levy, M.D. and Timothy J. Collard, M.D. and the cross motion of Richard Kessler, M.D. (collectively, defendants) seeking summary judgment dismissing the complaint against them. This medical malpractice action is based upon the allegation that a delay in diagnosing the wrist fracture sustained by plaintiff Louis P. Gonzalez resulted in arthritis. Defendants established their entitlement to judgment as a matter of law by presenting expert medical proof that, despite the alleged delay in diagnosis, the fracture healed without complications. In response, plaintiffs failed to raise a triable issue of fact. The affidavit of plaintiffs' medical expert assumed facts not supported by evidence (see *Mendez v City of New York*, 295 AD2d 487, 488 [2002]) inasmuch as his opinion is based on the unsworn medical records of the physician who diagnosed the arthritis (see *Grasso v Angerami*, 79 NY2d 813 [1991]; *Philippe v Ivory*, 297 AD2d 666 [2002]; *Romatowski v Hitzig*, 227 AD2d 870, 871 [1996], *lv dismissed in part and denied in part* 89 NY2d 915 [1996]; *Fridovich v David*, 208 AD2d 1004 [1994], *lv dismissed* 86 NY2d 759 [1995], *rearg dismissed* 86 NY2d 839 [1995]).

In any event, we further note with respect to the cross mo-

tion that Dr. Kessler established that he did not deviate as a radiologist from accepted community standards of medical care in his interpretation of the emergency room x rays, and plaintiffs failed to raise a triable issue of fact. Absent from plaintiffs' opposing papers is any proof that Dr. Kessler's responsibilities extended beyond the interpretation of the x rays, and plaintiffs do not dispute that the x rays were interpreted properly. Thus, the cross motion should have been granted for that reason as well (*see Fileccia v Massapequa Gen. Hosp.*, 99 AD2d 796 [1984], *affd* 63 NY2d 639 [1984]).

We therefore modify the order by granting the motions and cross motion and dismissing the complaint against defendants. Present—Green, J.P., Pine, Wisner and Hayes, JJ.