■ NICOLE JAYCOX, Respondent, v EMERSON C. REID, M.D., et al., Appellants. (Appeal No. 1.) [773 NYS2d 637]—

Appeal and cross appeals from an order of the Supreme Court, Erie County (David J. Mahoney, J.), entered September 12, 2002. The order granted defendants' motions for summary judgment in part and dismissed the medical malpractice cause of action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion of defendant Emerson C. Reid, M.D. in its entirety and dismissing the complaint against him and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action asserting causes of action for medical malpractice and lack of informed consent. She alleges injuries resulting from defendants' insistence that she proceed with a vaginal delivery of her child despite her repeated requests to undergo a cesarean section delivery. She further alleges that defendants failed to advise her of the foreseeable risks of the vaginal birth and of alternative modes of treatment, thus allegedly prompting her consent to a vaginal delivery when a reasonably prudent person would not have consented. Supreme Court properly granted those parts of defendants' motions for summary judgment dismissing the medical malpractice cause of action. Defendants sustained their initial burden on the motions by submitting evidence establishing that a vaginal delivery was not contraindicated medically (*see Alvarez v Prospect Hosp.,* 68 NY2d 320, 325 [1986]; *Kopra v Aquino,* 298 AD2d 880 [2002], *lv dismissed in part and denied in part* 99 NY2d 573 [2003]; *Gennaro v Dziuban* [appeal No. 2], 277 AD2d 939 [2000]; *Kremer v Buffalo Gen. Hosp.,* 269 AD2d 744, 745 [2000]). Plaintiff failed to raise a triable issue of fact with regard to defendants' alleged malpractice (*see Alvarez,* 68 NY2d at 327; *Gonzalez v Sisters Hosp.,* 309 AD2d 1277 [2003]; *Gennaro,* 277 AD2d at 939; *Laribee v City of Rome* [appeal No. 1], 254 AD2d 805 [1998]).

The court also properly granted that part of the motion of defendant Sisters of Charity Hospital for summary judgment dismissing the cause of action for lack of informed consent against it, but erred in denying that part of the parallel motion of defendant Emerson C. Reid, M.D. (*see Lynn G. v Hugo,* 96 NY2d 306, 309-310 [2001]; *Lucenti v St. Elizabeth Hosp.,* 289

AD2d 983 [2001]; *Gennaro,* 277 AD2d at 939-940). Both defendants established their entitlement to judgment as a matter of law, and plaintiff failed to raise a triable issue of fact (*see Lucenti,* 289 AD2d at 983; *Gennaro,* 277 AD2d at 940). In order to make out a valid cause of action for lack of informed consent, plaintiff was required to allege an injury or death resulting from " ' "some affirmative violation of [her] physical integrity" ' " (*Pedone v Thippeswamy,* 309 AD2d 792, 793 [2003]; *see Smith v Fields,* 268 AD2d 579, 580 [2000]; *Campea v Mitra,* 267 AD2d 190, 191 [1999]; *Schel v Roth,* 242 AD2d 697, 698 [1997]; *Hecht v Kaplan,* 221 AD2d 100, 103 [1996]), "such as surgical procedures, injections or invasive diagnostic tests" (*Karlsons v Guerinot,* 57 AD2d 73, 82 [1977]). Here, plaintiff's cause of action for lack of informed consent is not predicated on an affirmative violation of the patient's physical integrity (*see Saguid v Kingston Hosp.,* 213 AD2d 770 [1995], *appeal dismissed* 87 NY2d 861 [1995], *lv dismissed* 88 NY2d 868 [1996]; *Karlsons,* 57 AD2d at 81-82). The injuries allegedly sustained by plaintiff were not the result of an invasive procedure, but instead were alleged to have been the result of a negligent failure to undertake or negligent postponing of such procedure (*see Saguid,* 213 AD2d at 770; *Karlsons,* 57 AD2d at 81-82). Thus, we modify the order in appeal No. 1 by granting the motion of Reid in its entirety and dismissing the complaint against him. Present—Pine, J.P., Wisner, Scudder, Kehoe and Hayes, JJ.