Hope A.L. v Unity Hosp. of Rochester (2019 NY Slip Op 04619)





Hope A.L. v Unity Hosp. of Rochester


2019 NY Slip Op 04619


Decided on June 7, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 7, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., CENTRA, PERADOTTO, CURRAN, AND WINSLOW, JJ.


1466 CA 18-01177

[*1]HOPE A.L., AN INFANT UNDER THE AGE OF FOURTEEN YEARS, BY HER MOTHER AND NATURAL GUARDIAN, CASSANDRA L., AND CASSANDRA L., INDIVIDUALLY, PLAINTIFFS-APPELLANTS,
v
UNITY HOSPITAL OF ROCHESTER, DOING BUSINESS AS UNITY HOSPITAL, ET AL., DEFENDANTS, ANDREW W. MURPHY, M.D., AND WESTSIDE ANESTHESIA ASSOCIATES OF ROCHESTER, LLP, DEFENDANTS-RESPONDENTS. 






WEITZ & LUXENBERG, P.C., NEW YORK CITY, POLLACK, POLLACK, ISAAC & DECICCO, LLP (JILLIAN ROSEN OF COUNSEL), FOR PLAINTIFFS-APPELLANTS. 
BROWN, GRUTTADARO AND PRATO, LLC, ROCHESTER (JEFFREY S. ALBANESE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Monroe County (Daniel J. Doyle, J.), entered April 25, 2018. The order granted the motion of defendants Andrew W. Murphy, M.D., and Westside Anesthesia Associates of Rochester, LLP, for summary judgment and dismissed the complaint against them. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: The infant plaintiff and her mother Cassandra L. (plaintiff) commenced this action seeking damages based on allegations that they sustained injuries after, inter alia, Andrew W. Murphy, M.D. (defendant) and defendant Westside Anesthesia Associates of Rochester, LLP (collectively, defendants) negligently "fail[ed] to be present and available to timely render anesthesia care for the performance of an obstetrical delivery" and that defendants failed to obtain plaintiff's informed consent. We conclude that Supreme Court properly granted defendants' motion for summary judgment dismissing the complaint against them.
Plaintiffs contend that, in order for defendants to satisfy their prima facie burden on their motion with respect to the causes of action for negligence in this medical malpractice action, they were required to establish their entitlement to judgment as a matter of law on both the element of departure from the accepted standard of care and the element of causation, and plaintiffs further contend that the affidavit of defendant was insufficient to meet defendants' burden with respect to the element of departure. We reject those contentions.
Contrary to plaintiffs' contention, to meet their initial burden on the motion, defendants were required to "present factual proof, generally consisting of affidavits, deposition testimony and medical records, to rebut the claim of malpractice by establishing that they complied with the accepted standard of care or did not cause any injury to the patient" (Cole v Champlain Val. Physicians' Hosp. Med. Ctr., 116 AD3d 1283, 1285 [3d Dept 2014] [emphasis added]; see Aliosha v Ostad, 153 AD3d 591, 592 [2d Dept 2017]; Webb v Scanlon, 133 AD3d 1385, 1386 [4th Dept 2015]).
Contrary to plaintiffs' further contention, defendants established as a matter of law that they did not depart from the accepted standard of care. Here, defendants submitted the affidavit [*2]of defendant, which "address[ed] each of the specific factual claims of negligence raised in plaintiff[s'] bill of particulars" (Larsen v Banwar, 70 AD3d 1337, 1338 [4th Dept 2010]), and was "detailed, specific and factual in nature" (Macaluso v Pilcher, 145 AD3d 1559, 1560 [4th Dept 2016] [internal quotation marks omitted]; see Groff v Kaleida Health, 161 AD3d 1518, 1520 [4th Dept 2018]). Defendant stated that he did not delay the delivery of the infant plaintiff by being unavailable; did not fail to prepare for a timely cesarean section; did not provide ineffective or untimely anesthesia; did not delay plaintiff's cesarean section; did not fail to properly respond to an obstetrical emergency; and did not fail to properly monitor, provide and/or timely administer adequate oxygen. Defendant further averred that, because he was not involved in supervising ancillary and junior staff, he could not have been negligent in failing to do so. Thus, defendant's affidavit, combined with his deposition testimony and the accompanying medical records submitted in support of the motion, provides a thorough summary of defendant's conduct, and provides his opinion, within a reasonable degree of medical certainty, that defendants did not "deviate[] and/or depart[ ] during [their] care and treatment of plaintiff[ ] . . . during her labor and delivery of [the infant plaintiff]." We therefore conclude that defendants established their entitlement to judgment as a matter of law (see Suib v Keller, 6 AD3d 805, 806 [3d Dept 2004]).
We reject plaintiffs' contention that the affidavit of their expert raised triable issues of fact sufficient to defeat defendants' motion. "It is well settled that [g]eneral allegations of medical malpractice, merely conclusory and unsupported by competent evidence tending to establish the essential elements of medical malpractice, are insufficient to defeat [a] defendant physician's summary judgment motion' " (Occhino v Fan, 151 AD3d 1870, 1871 [4th Dept 2017], quoting Alvarez v Prospect Hosp., 68 NY2d 320, 325 [1986]). Here, plaintiffs offered, as the sole evidence to defeat defendants' motion for summary judgment, the affidavit of an anesthesiologist who opined that defendant deviated from the standard of care by, inter alia, delaying the administration of anesthesia. Inasmuch as the expert's affidavit contains allegations that are conclusory and "unsupported by the medical evidence in the record before us" (Bagley v Rochester General Hosp., 124 AD3d 1272, 1274 [4th Dept 2015]), and his ultimate assertions are " unsupported by any evidentiary foundation' " (id. at 1273, quoting Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]), we conclude that his opinion " should be given no probative force and is insufficient to withstand summary judgment' " (id., quoting Diaz, 99 NY2d at 544).
With respect to the cause of action for medical malpractice based on lack of informed consent, plaintiffs contend that defendant's deposition testimony established that he obtained consent from plaintiff after the administration of the spinal anesthesia, and that defendant failed to establish that the delay in obtaining plaintiff's consent comported with the standard of care applicable to anesthesiologists. We conclude, however, that defendant's uncontroverted deposition testimony and plaintiff's certified medical records established as a matter of law that defendant obtained plaintiff's verbal consent for the spinal anesthesia at 2:20 p.m., when he met with her in the labor room before she was moved into the operating room and before defendant administered the anesthesia (see Gray v Williams, 108 AD3d 1085, 1086 [4th Dept 2013]). Defendant testified that, when he obtained plaintiff's verbal consent, he did not have the written consent form with him. As a result, plaintiff did not sign the form until 3:10 p.m., after the administration of the spinal anesthesia in the operating room. Although a signed consent form is not necessarily required where, as here, the physician providing the treatment in a medical malpractice action submits testimonial evidence that the physician obtained the patient's verbal consent to perform the procedure (compare Public Health Law § 2805-d, with § 2442), we note that defendant obtained both verbal and written consent from plaintiff. We further conclude that plaintiffs failed to raise a triable issue of fact with respect to the alleged delay in obtaining plaintiff's informed consent (see generally Alvarez, 68 NY2d at 325; Gennaro v Dziuban [appeal No. 2], 277 AD2d 939, 940 [4th Dept 2000]).
Entered: June 7, 2019
Mark W. Bennett
Clerk of the Court