Rosenheck v Schachter (2021 NY Slip Op 02853)





Rosenheck v Schachter


2021 NY Slip Op 02853


Decided on May 6, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 6, 2021

530391 530837
[*1]Rhonda Rosenheck, Respondent,
v
Jonathan Peter Schachter, Appellant.

Calendar Date:March 18, 2021

Before:Garry, P.J., Lynch, Clark, Aarons and Colangelo, JJ.

Pedowitz & Meister, LLP, New York City (Arnold Pedowitz of counsel), for appellant.
Mack & Associates, PLLC, Albany (Barrett D. Mack of counsel), for respondent.



Garry, P.J.
Appeals (1) from an order of the Supreme Court (Burke, J.), entered October 9, 2019 in Schenectady County, which granted plaintiff's motion for counsel fees, and (2) from the judgment entered thereon.
Plaintiff (hereinafter the wife) commenced this action for divorce in January 2017. In June 2017, the wife and defendant (hereinafter the husband) entered into a stipulation on the record resolving all issues and executed a written affidavit of appearance and adoption of oral stipulation and settlement (hereinafter the agreement). As pertinent here, the agreement included a clause entitled "Article 19: Subsequent Attack on Agreement," which states that, "[i]n the event that either party at any future time institutes an action or proceeding, or endeavors by way of interposition of a counterclaim or defense, to set aside this agreement . . . for any reason, including but not limited to, incapacity, fraud, duress, overreaching, undue influence, unfairness, unreasonableness, unconscionability, such party shall fully reimburse the other party for any and all [counsel] fees and related legal expenses and costs incurred in connection with the defense of such action or proceeding in the event that the claims or defenses of invalidity are dismissed, rejected, or otherwise unsuccessful."
In August 2017, the husband filed a motion to reopen the proceedings, to stay the entry of the judgment of divorce and to conduct further discovery. Supreme Court denied the husband's motion and granted the judgment of divorce, which incorporated, but did not merge, the agreement. The husband appealed and this Court, as pertinent here, held that Supreme Court properly denied the husband's motion to reopen and granted the judgment of divorce (166 AD3d 1354, 1355 [2018], lv denied 32 NY3d 919 [2019]). This Court also concluded that the wife was entitled to recover appellate counsel fees, but that such a request be directed to Supreme Court, as the record did not include information about the incurred fees (id. at 1355-1356).[FN1] The husband thereafter filed the following with the Court of Appeals: (1) a motion for leave to appeal, which was denied with $100 costs to the wife (32 NY3d 919 [2019]); (2) an order to show cause seeking a stay of the wife's equitable distribution, which the Court of Appeals declined to sign; and (3) a motion for leave to reargue, which was also denied (33 NY3d 1053 [2019]).
In July 2019, the wife moved in Supreme Court for counsel fees related to the Court of Appeals motions, which the husband opposed. The court granted the wife's motion and ordered the husband to pay her a set amount within 20 days. Following the husband's failure to pay, the court entered a money judgment representing the total amount awarded to the wife plus sheriff's fees. The husband appeals from both the order and the judgment.
As before Supreme Court, the husband argues that the wife's notice of motion was defective because it failed to specify the grounds on which [*2]the motion was based, thus prejudicing the husband. "A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor" (CPLR 2214 [a]), but "there is no requirement that the notice of motion list the statute or regulation that is the basis of the . . . motion as long as some grounds are mentioned" (Shields v Carbone, 99 AD3d 1100, 1102 [2012]). In practice, "[t]he notice of motion specifies the time and place of the hearing as well as the relief requested while the affidavits, affirmations, and memorandum of law state the grounds for the relief" (David D. Siegel & Patrick M. Connors, NY Prac § 246 at 471 [6th ed 2018]). Where "there is no misunderstanding or prejudice, a court may grant relief that is warranted by the facts plainly appearing on the [motion] papers on both sides" (Matter of Blauman-Spindler v Blauman, 68 AD3d 1105, 1106 [2009] [internal quotation marks and citation omitted]).
In support of her motion, the wife submitted this Court's 2018 order, finding that the wife was entitled to appellate counsel fees based on the agreement, as well as various correspondence exchanged between the parties' attorneys, one of which communicated to the husband's counsel that the wife would be seeking judicial intervention if the counsel fees were not rendered pursuant to the agreement. Although the husband contends that he was prejudiced by the wife's alleged failure to provide the grounds of her motion, we note that the husband provided Supreme Court with a timely and detailed reply with various exhibits, including a copy of the agreement. Given the clear lack of prejudice or misunderstanding, we thus find that the court properly rendered a determination after examining all of the motion papers submitted.
Article 19 of the agreement clearly entitles the defending party to counsel fees where the other party engages in an unsuccessful attempt to set aside the agreement and provided the basis for this Court's 2018 determination that the wife was entitled to appellate counsel fees. The husband now claims that his arguments before the Court of Appeals did not seek to set aside the agreement, but these appeals, by their very nature, challenged this Court's 2018 decision. That decision had, in fact, directly addressed the issue he now again asserts as a flaw in the proceedings before Supreme Court. Thus, despite the husband's attempt to otherwise portray or characterize his challenges before the Court of Appeals, it is entirely clear that the unsuccessful challenges of this Court's decision similarly entitle the wife to an award of counsel fees. Accordingly, Supreme Court properly concluded that the wife was entitled to counsel fees arising from the need to oppose the husband's three failed applications to the Court of Appeals.[FN2]
Finally, the husband also seeks costs and counsel fees pursuant to Domestic Relation Law § 237 (a). [*3]However, given our determination, the husband is not entitled to counsel fees under this provision or under article 19 of the agreement.
Lynch, Clark, Aarons and Colangelo, JJ., concur.
ORDERED that the order and judgment are affirmed, without costs.



Footnotes

Footnote 1: In January 2019, Supreme Court awarded the wife an amount that represented counsel fees and costs associated with the husband's appeal to this Court. This amount has been paid to the wife.

Footnote 2: For the same reasons, we find that the wife is entitled to an award of counsel fees arising from the expense of opposing this appeal, upon a proper application to Supreme Court including the necessary documentation.