Matter of Walter Q. v Stephanie R. (2022 NY Slip Op 00222)





Matter of Walter Q. v Stephanie R.


2022 NY Slip Op 00222


Decided on January 13, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:January 13, 2022

530621
[*1]In the Matter of Walter Q., Appellant,
v
Stephanie R., Respondent.

Calendar Date:December 15, 2021

Before:Egan Jr., J.P., Clark, Pritzker and Colangelo, JJ.

Thomas H. Kheel, Ithaca, for appellant.
Thaler & Thaler, PC, Ithaca (Thomas D. Cramer of counsel), for respondent.
Andrea J. Mooney, Ithaca, attorney for the child.



Egan Jr., J.P.
Appeal from an order of the Supreme Court (Cassidy, J.), entered November 25, 2019 in Tompkins County, which, in a proceeding pursuant to Family Ct Act article 8, granted motions by respondent and the attorney for the child for, among other things, dismissal of the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the married parents of a child (born in 2014). The mother commenced custody and family offense proceedings against the father in 2017 that culminated in, among other things, a 2018 order that awarded her sole legal and physical custody of the child and orders of protection that directed the father to, among other things, stay away from the mother's residence. The father soon faced criminal charges for intentionally violating the order of protection issued in the mother's favor by going to her residence, and he was convicted on one count of criminal contempt in the second degree and sentenced to a jail term. Supreme Court further issued a temporary order that modified the prior custodial arrangement by suspending the father's visitation with the child and, upon the mother's petition alleging that the father had violated provisions of the order of protection by going to her residence, issued amended orders of protection (see Matter of Stephanie R. v Walter Q., ___ AD3d ___ [2022] [decided herewith]).
After his release from jail, the father appeared for a June 2019 deposition in connection with his bankruptcy proceeding. A computer that was in the custody of the mother contained financial data and other material of interest to both parties and was brought to the deposition by the mother's attorney so that the father could reference the financial information in answering questions. The father absconded with the computer during a break in the questioning, and the police were called. The mother was also contacted regarding the incident and saw the father on the street with the computer while she was on her way to the scene, prompting her to exit her vehicle, pursue him on foot and call 911 to request assistance. The pursuit ended when the father boarded a public bus with the computer and left the scene.
The mother and the father thereafter filed dueling family offense petitions relating to the June 2019 incident. The mother withdrew her petition, served a reply to the father's petition and then moved for dismissal of the father's petition on various grounds, while the attorney for the child moved to dismiss the petition for failure to state a claim or, in the alternative, for summary judgment. Supreme Court granted the motions, prompting this appeal by the father.
We reverse. To begin, Supreme Court erred to the extent that it dismissed the petition because it did not view any relief to be warranted even if the father alleged a viable claim (see Lichtyger v Franchard Corp., 18 NY2d 528, 538 [1966]; Baliotti v Walkes, 134 AD2d 554, 555 [1987]). The question to be resolved in that regard [*2]is "whether a petition sufficiently alleges an enumerated family offense," which requires a court to "afford the petition a liberal construction, accept the allegations contained therein as true and grant the petitioner the benefit of every favorable inference" (Matter of Christina Z. v Bishme AA., 132 AD3d 1102, 1102-1103 [2015] [citations omitted]; see Matter of Craig O. v Barbara P., 118 AD3d 1068, 1070 [2014]).
The father asserted in his petition and accompanying affidavit that the mother struck, grabbed and yelled insults and obscenities at him after she spotted him and chased him on foot during the June 2019 incident, behavior that upset him enough to burst into tears, request assistance from onlookers and contact the police.[FN1] Accepting those allegations as true, and noting that "[t]he [mother's] intent to engage in the conduct proscribed by the applicable provisions of the Penal Law may be inferred from the circumstances," the father sufficiently set forth how the mother engaged in a series of acts during the incident that constituted, at a minimum, the family offense of harassment in the second degree (Matter of Jodi S. v Jason T., 85 AD3d 1239, 1241 [2011]; see Penal Law § 240.26 [1], [2]; Matter of Amber JJ. v Michael KK., 82 AD3d 1558, 1560 [2011]; Matter of Melissa K. v Brian K., 72 AD3d 1129, 1132-1133 [2010]). Accordingly, the petition should not have been dismissed on that basis.
Summary judgment, "a drastic procedural device which will be found appropriate only in those circumstances when it has been clearly ascertained that there is no triable issue of fact outstanding," was similarly inappropriate (Matter of Suzanne RR., 35 AD3d 1012, 1012 [2006] [internal quotation marks and citations omitted]; accord Matter of Craig O. v Barbara P., 118 AD3d at 1071; see Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 673 [1997]). The mother denied that she had engaged in the alleged conduct, and the attorney for the child attempted to meet the "initial burden of demonstrating the absence of triable issues of fact regarding" it via a recording and transcript of the mother's 911 call during the June 2019 incident, during which the agitated and at times incoherent mother states that she is keeping her distance from the father, and nothing clearly indicating a physical attack can be heard (Matter of Daniels v Lushia, 101 AD3d 1405, 1406 [2012]; see Matter of Craig O. Barbara P., 118 AD3d at 1071).
The recording was, contrary to the father's arguments, properly obtained via subpoena and considered for the truth of the mother's statements therein under the excited utterance exception to the hearsay rule (see e.g. People v Ruffin, 191 AD3d 1174, 1181 [2021], lv denied 37 NY3d 960 [2021]; People v Simpson, 155 AD3d 1246, 1247 [2017]). Nevertheless, as the father appropriately pointed out, the 911 call was not a comprehensive depiction of the incident or the mother's role in it. For example, both the father and a [*3]witness cited in the police report dealing with the incident indicate that the pursuit began when the mother saw the father on the street, abruptly stopped her vehicle and came after him on foot, and the call does not obviously include that portion of the incident or what happened when the mother caught up to him. The call further fails to reflect everything that occurred during the subsequent chase, such as when an audibly winded father called his attorney to say that the mother was "chasing him up a hill," a conversation that was confirmed by a police officer who overheard it and that calls the mother's claim that she was keeping a safe distance from the father into question. "Issue finding, rather than issue determination, is the function of the court on a motion for summary judgment" and, in our view, the foregoing reveals triable issues of fact as to the mother's actions during the June 2019 incident (Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d at 674). Thus, the motions should have been denied.
The other alternative arguments for affirmance advanced by the mother and the attorney for the child have been examined and are unavailing. Finally, the father requests that the fact-finding hearing be held before a different judge, but the record satisfies us that such is unnecessary.
Clark, Pritzker and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motions denied, and matter remitted to the Supreme Court for further proceedings not inconsistent with this Court's decision.



Footnotes

Footnote 1: The father also referenced an April 2019 incident as a basis for his family offense petition, but has abandoned any issue with regard to that aspect of his petition by failing to raise it in his brief on appeal (see Matter of Jeffrey VV. v Angela VV., 176 AD3d 1413, 1418 n [2019]).