C.A. v J.D-A. (2025 NY Slip Op 51053(U))

[*1]

C.A. v J.D-A.

2025 NY Slip Op 51053(U)

Decided on June 23, 2025

Supreme Court, Westchester County

Hyer, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on June 23, 2025
Supreme Court, Westchester County

C.A., Plaintiff,

against
J.D-A., Defendant.

Index No. XXXXX

Plaintiff — Valerie Ann Gray, Esq., 3539 Tiemann Avenue, Bronx, New York 10469.
Defendant - Self-Represented

James L. Hyer, J.

The following documents were considered in connection with Defendant's motion, dated May 8, 2025, (hereinafter "Motion Sequence No. 10"), seeking the entry of an Order granting the following relief:
1. I J.D-A. was not served and I was in Jamaica West Indies on the date of the trial to attend my Uncle's funeral service. Please see copy of itinerary; and
2. Such other and further relief as may be just, proper and equitable.
PAPERS     
NUMBERED
Order to Show Cause/Affidavit in Support/
Exhibit/Unsworn Letter [FN1]
/ 1-4
Affirmation in Opposition/Exhibits A-M 5-18 [FN2]

Relevant Background and Procedural History
On June 3, 2015, this matrimonial action was commenced with the filing of a Summons and Complaint.
On March 21, 2017, a Judgment of Divorce (hereinafter "Judgment") was entered dissolving the parties' marriage, which did not merge but was incorporated by reference the terms of a Stipulation dated January 17, 2017 (hereinafter "Stipulation").
Thereafter, significant post-judgement motion practice has been engaged in by the parties including Motion Sequence No. 10, filed on May 8, 2025, seeking the above-referenced relief, by order to show cause which was conformed requiring: (1) by May 13, 2025, Defendant to serve Motion Sequence No. 10; (2) by May 20, 2025, Plaintiff was directed to serve and file any answering submissions and/or cross motions; (3) by May 27, 2025, Defendant was directed to serve and file any answering submissions to cross motions filed; (4) directing no reply submissions; and (5) directing that the return date for Motion Sequence No. 10 and any cross motions filed be May 27, 2025, wherein no appearances were required.
On May 22, 2025, Plaintiff filed answering submissions to Motion Sequence No. 10, filing no cross motions.
On May 28, 2025, Defendant filed a reply submission, which as noted above, has been disregarded by this Court and not considered when making a determination as to the requested relief as no reply submissions were to be made pursuant to the Court's directives in conforming Motion Sequence No. 10.
No further submissions pertaining to Motion Sequence No. 10 have been received.

Legal Analysis
1. Unsworn Letter.
Letters which are unsworn are not admissible proof and therefore have no evidentiary value (Simms v. North Shore University Hosp., 192 AD2d 700 [2d Dept 1993]; see also, Brodie v. Board of Managers, 226 AD3d 555, [1st Dept 2024]; Timothy M.M. v. Doreen R., 188 AD3d 1711 [4th Dept 2020]; Patricia "YY" v. Albany County Department of Social Services, 238 AD2d 672, [3rd Dept 1997]. Here, Defendant submitted the Unsworn Letter which has no evidentiary value and has not been considered by this Court when making the determinations set forth herein pertaining to the instant motion.
2. Defendant's Requested Relief.
Pursuant to New York State Civil Practice Law and Rules (hereinafter "CPLR") § 2214(a) pertaining to the manner within which parties may seek relief by way of motions filed with the Court, clear instructions are provided as to movants specifying the relief requested:
"Notice of motion. A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds therefor. Relief in the alternative or of several different types may be demanded."
The New York State Uniform Civil Rules for the Supreme Court & The County Court [*2](hereinafter "NYCRR") § 202.8-a, provides similar directives requiring clarity of relief sought by a movant:
"(a) Form of Motion Papers. The movant shall specify in the notice of motion, order to show cause, and in a concluding section of a memorandum of law, the exact relief sought."
In denying a request to reverse a trial decision on the basis that the underlying notice of motion from which the decision was made was defective, the Appellate Division Third Department noted:
"As before Supreme Court, the husband argues that the wife's notice of motion was defective because it failed to specify the grounds on which the motion was based, thus prejudicing the husband. "A notice of motion shall specify the time and place of the hearing on the motion, the supporting papers upon which the motion is based, the relief demanded and the grounds *1146 therefor" (CPLR 2214[a]), but "there is no requirement that the notice of motion list the statute or regulation that is the basis of the ... motion as long as some grounds are mentioned" (Shields v. Carbone, 99 AD3d 1100, 1102, 955 N.Y.S.2d 216 [2012]). In practice, "[t]he notice of **574 motion specifies the time and place of the hearing as well as the relief requested while the affidavits, affirmations, and memorandum of law state the grounds for the relief" (David D. Siegel & Patrick M. Connors, NY Prac § 246 at 471 [6th ed 2018]). Where "there is no misunderstanding or prejudice, a court may grant relief that is warranted by the facts plainly appearing on the [motion] papers on both sides" (Matter of Blauman—Spindler v. Blauman, 68 AD3d 1105, 1106, 892 N.Y.S.2d 143 [2009] [internal quotation marks and citation omitted])." (Rosenheck v. Schachter, 194 AD3d 1144 [3d Dept 2021]).
Here, unlike Rosenheck, Defendant's notice of motion is defective as it not only fails to present the grounds supporting the relief requested, but further does not include reference to the exact relief sought. Defendant's notice of motion is only in violation of CPLR § 2214(a) and NYCRR § 202.8-a, but also upon review of the documents submitted in support of the application, this defect is prejudicial to Plaintiff as the limited facts presented by Defendant offer no further understanding as to the ultimate relief sought by Defendant in Motion Sequence No. 10.
Accordingly, the relief sought in Motion Sequence No. 10 is denied.
3. Other Relief.
To the extent relief has been requested and not granted or otherwise addressed herein, it is hereby denied.
Based upon the foregoing, it is hereby
ORDERED that Motion Sequence No. 10 is denied; and it is further
ORDERED that Plaintiff's counsel shall serve this Decision and Order with Notice of Entry on Defendant by June 27, 2025, and shall file a copy of same with an Affidavit of Service by June 27, 2025; and it is further
ORDERED that to the extent any relief sought has not been granted, it is expressly denied.
The foregoing constitutes the Decision and Order of the Court. 
Dated: June 23, 2025
White Plains, New York
ENTER:
HON. JAMES L. HYER, J.S.C.

Footnotes

Footnote 1:Hereinafter referred to as the "Unsworn Letter."

Footnote 2:Motion Sequence No. 10, filed by order to show cause, was conformed and included in type that it was "ORDERED that no reply submissions shall be accepted." Nonetheless, Plaintiff disregarded this directive and filed a Reply Affidavit with attachments which the Court has disregarded and not considered with respect to the relief sought herein.