■ In the Matter of Jose Espinosa, Respondent, v Florinda R. Hernandez, Appellant. [697 NYS2d 199] —Crew III, J. Appeal from an order of the Family Court of Broome County (Pines,

J.), entered April 21, 1998, which, *inter alia*, granted petitioner's application, in a proceeding pursuant to Family Court Act article 6, for custody of the parties' child.

Following the birth of the parties' child in October 1997, petitioner commenced this proceeding seeking custody of his son contending, *inter alia*, that respondent's anticipated relocation from Broome County, where the parties resided, to New York City was not in the child's best interest. Respondent cross-petitioned for similar relief and a two-day hearing ensued. Thereafter, by order entered April 21, 1998, Family Court awarded the parties joint legal custody and ordered that the child's primary physical residence be with petitioner. Respondent then appealed.

Following respondent's move to New York City in December 1998, petitioner filed a violation petition and a modification petition seeking, *inter alia*, an order establishing a new visitation schedule for respondent. On June 3, 1999, the parties appeared before Family Court, at which time petitioner withdrew the violation petition and the parties entered into a stipulation in full satisfaction of the underlying modification petition. As a result, by order entered June 4, 1999, Family Court, *inter alia*, directed that the parties have joint legal custody of the child, designated petitioner's residence as the child's primary physical residence and established a revised visitation schedule for respondent.

Respondent, as so limited by her brief, argues only that Family Court erred when, pursuant to its April 21, 1998 order, it designated petitioner's residence as the child's primary physical residence. In response, petitioner asserts that the parties' subsequent stipulation, which resulted in Family Court's June 4, 1999 order, renders the instant appeal moot. Respondent, relying upon this Court's prior decision in *Matter of Rush v Rush* (201 AD2d 836), counters by arguing that although she agreed to the revised visitation schedule evidenced by Family Court's June 4, 1999 order, she did not simultaneously relinquish her right to appeal Family Court's April 21, 1998 order insofar as it directed that the child's primary physical residence be with petitioner.

The transcript of the June 3, 1999 hearing reveals that the stipulation at issue, wherein respondent agreed that the child's primary physical residence would lie with petitioner, was made in full satisfaction of the underlying modification petition and, further, that Family Court expressly advised the parties that the order resulting therefrom would supersede the April 21, 1998 order. Under these circumstances, we are of the view that

the instant appeal is moot and, to the extent that respondent wished to contest the residency issue, her remedy was to appeal Family Court's June 4, 1999 order. As we perceive no exception to the mootness doctrine (*see, Matter of Hearst Corp. v Clyne*, 50 NY2d 707, 714-715), the appeal is dismissed. Moreover, were we to reach the merits, we would affirm Family Court's April 21, 1998 order, as we cannot say that Family Court's decision to designate petitioner's residence as the child's primary physical residence was not in the child's best interest (*see, Eschbach v Eschbach*, 56 NY2d 167).

Mercure, J. P., Peters, Spain and Graffeo, JJ., concur. Ordered that the appeal is dismissed, as moot, without costs.