■ In the Matter of LINDA B. LA BIER, Appellant, v RENE LA BIER, Respondent. CHRISTIAN LA BIER et al., Appellants. [738 NYS2d 132] —Peters, J. Appeals (1) by permission, from an order of the Family Court of Albany County (Duggan, J.), entered August 17, 2000, which, in a proceeding pursuant to Family Court Act article 6, denied a motion by the parties' children for

permission to substitute counsel, and (2) from an order of said court, entered December 12, 2000, which, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion for summary judgment and dismissed the petition.

The parties are the divorced parents of two children, Christian (born in 1988) and Richard (born in 1989). Pursuant to a 1998 order of custody, the parties agreed to continue to share joint legal and physical custody of the minor children on a two-week rotating schedule, while holidays and school vacations would either be divided or alternated. In June 2000, petitioner commenced this modification proceeding seeking sole custody of the children and a curtailment of respondent's visitation. In support thereof, she averred that a change of circumstances was demonstrated by respondent's refusal to effectively communicate with her, by his public display of anger toward the children and by his failure to provide them with necessary care. Additionally, petitioner averred that the children had expressly informed her and their Law Guardian that they wished to reside with her, having grown tired of the rotating custodial arrangement.

Respondent moved for summary judgment, contending that the instant petition was only one in a series of recent applications to obtain sole custody, and noting that Family Court had already held petitioner in contempt of court for willfully violating the existing custody order. Further, respondent contended that despite the appointment of a Law Guardian by the court, petitioner independently took the children to various lawyers, "shopping" for a new attorney to champion their cause. In fact, the children actually signed a retainer agreement with attorney Stephen Pechenik who thereafter unsuccessfully moved, on their behalf, to modify the existing custody and visitation order. In opposition, petitioner articulated the bases for the multiple petitions and emphasized that the need for a hearing in this case was predicated upon the children's strong desire to modify the current custodial arrangement. A letter from the children's counselor buttressing petitioner's representations was annexed; the Law Guardian also supported the request for a hearing.

Prior to a decision on the motion, a hearing was scheduled to address the circumstances surrounding Pechenik's hiring. Testimony revealed that petitioner took the children to see Pechenik and that a friend of petitioner "guaranteed" payment. Family Court, finding that Pechenik may have breached ethical standards by dealing with children who were represented by counsel, refused to permit him to independently represent

their interests. The children appealed and, by order dated October 18, 2000, this Court permitted Pechenik to prosecute that appeal.

In deciding the motion for summary judgment, Family Court created its own standard of review whereby it searched not only the moving papers, supporting affidavits and evidence as required by CPLR 3212 (b), but also the entire case record and its "historical memory" of this litigation. Finding that the present pattern of custody litigation was harmful to the children, the court granted the motion, concluding that even if the allegations were true, there remained no change in circumstances sufficient to warrant a modification in the best interests of the children. Petitioner appealed and, by order dated April 2, 2001, this Court consolidated the appeals.

Family Court lacked authority to decide the motion in a manner inconsistent with CPLR 3212 and established legal precedent. Although a motion for summary judgment is not expressly sanctioned in custody/visitation proceedings, Family Court Act § 165 (a) permits its use "to the extent * * * appropriate to the proceedings involved" (see, Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 673). Since traditional summary judgment standards have been repeatedly utilized in matters of this nature (see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., 83 NY2d 178; Matter of Scott JJ., 280 AD2d 4; Matter of Baby Girl F., 277 AD2d 235; Matter of Patricia YY. v Albany County Dept. of Social Servs., supra), the court's use of the entire case record as well as its subjective "historical memory" was patently improper.

Fundamentally, a court's role in a motion of this kind is issue finding rather than issue determination (see, Matter of Suffolk County Dept. of Social Servs. [Michael V.] v James M., supra; Matter of Patricia YY. v Albany County Dept. of Social Servs., supra). As a drastic remedy, summary judgment should only be granted when there are "no material facts disputed sufficiently to warrant a trial" (Matter of Patricia YY. v Albany County Dept. of Social Servs., supra at 673). In the context of a custody/visitation proceeding, the dispositive "material fact" is, in our view, whether or not there is a sufficient change in circumstances which would warrant a modification of the prior order in the best interests of the children (see, Matter of Thompson v Thompson, 267 AD2d 516, 517; Matter of Duffy v Duffy, 260 AD2d 960, 960; Matter of Reese v Jones, 249 AD2d 676, 677). Since we conclude that respondent, as the proponent of the motion, propounded evidence sufficient to establish a

prima facie showing of entitlement to judgment as a matter of law (*see, Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853), the burden shifted to petitioner to establish the existence of a material question of fact (*see, Alvarez v Prospect Hosp.*, 68 NY2d 320, 326-327). Although petitioner averred that the parties disputed each and every allegation presented, it was the letter from the children's therapist, as well as the position taken by the Law Guardian, which persuades us that a hearing was necessary to address the children's repeated requests to change the current custodial arrangement.[1] Thus, we find that, in raising a viable issue of fact, Family Court erred in summarily dismissing the petition.

Finally, notwithstanding statutory authority enabling a child to be represented by counsel of his or her own choosing (*see,* Family Ct Act § 241; *Matter of Bryan v Singer*, 234 AD2d 631, 633), we can find no error in Family Court's refusal to permit Pechenik to replace the Law Guardian due to the manner in which his services were retained; beyond question is the conclusion that his representation does not appear to be "absolutely independent of any influence from either parent" (*Matter of Scott L. v Bruce N.*, 134 Misc 2d 240, 246; *see, Davis v Davis*, 269 AD2d 82, 85; *Matter of Fargnoli v Faber*, 105 AD2d 523, 524, *appeal dismissed* 65 NY2d 631).[2]

Cardona, P.J., Mercure, Spain and Carpinello, JJ., concur. Ordered that the order entered August 17, 2000 is affirmed, without costs. Ordered that the order entered December 12, 2000 is reversed, on the law, without costs, and motion denied.

---

1. Notably, at no time throughout the extensive litigation between these parties had there been a fact-finding hearing concerning custody or visitation.

2. We acknowledge that an infant's request for counsel with whom he or she can communicate should be considered by a trial court. Upon consent of the parties, Family Court should have attempted to determine why the children were dissatisfied by conducting an in camera interview. This method could have provided the court with the necessary detail to enable it to determine whether substitution of counsel was appropriate in this instance.