■ In the Matter of CHERYL D. WILTSEY, Appellant, v DANIEL WILTSEY, Respondent. [742 NYS2d 153] —Mercure, J.P. Appeal from an order of the Family Court of Cortland County (Avery, Jr., J.), entered February 1, 2001, which, inter alia, in a proceeding pursuant to Family Court Act article 6, granted respondent's motion for summary judgment and dismissed the petition.

Petitioner and respondent are the parents of a daughter, born in November 1994. A 1998 order of Family Court awarded respondent sole custody of the child, subject to petitioner's specified visitation rights. In November 2000, petitioner filed the present petition for modification of Family Court's custody order. The petition alleged in a conclusory fashion that: the child was required to repeat kindergarten because she was confused, uncertain and emotionally unprepared for first grade; respondent was at an unspecified date and place publicly intoxicated and was arrested for driving while intoxicated; respondent continues to associate with and leave the child in the care of a sitter who was at some unspecified time arrested for endangering the welfare of one of her charges; respondent moved back into his parents' home and leaves the child overnight with his parents and other people while he spends evenings with his paramour; the child is with caregivers for approximately 10 hours of each working day; the child has failed to flourish and consistently expressed her desire to return to live with petitioner; the child's counselor has recommended that the child live with petitioner; petitioner has had several new positions and increases in salary, now owns her

own home and is in a better position to care for the child financially and emotionally; and petitioner's new job has increased her ability to be home and care for the child. Respondent made separate motions to dismiss the petition for failure to state a cause of action and for summary judgment dismissing the petition. Family Court granted respondent's summary judgment motion and dismissed the petition. Petitioner appeals.

We affirm. Respondent supported his motion for summary judgment with his own affidavit providing competent evidence that the child repeated kindergarten at the recommendation of her teachers based upon the fact that she was very young when she began kindergarten (approximately 2½ months shy of her fifth birthday) and was not ready to work at the levels expected of her. Reports of her academic progress indicated that she was doing well at the time of the present proceeding. Similarly, although admitting that he had been convicted of the infraction of driving while ability impaired by alcohol, respondent produced a report of a recent alcohol and drug evaluation stating that "there is no indication of an alcohol or drug abuse problem at this time." Finally, respondent stated that he had not left the child with inappropriate caregivers, that the time the child spends with caregivers is not excessive and that the child has not failed to flourish or expressed a desire to live with petitioner. In opposition, petitioner submitted only her own affidavit, which added no substance or specificity to the conclusory hearsay allegations of the petition. Notably, although petitioner alluded to conversations with school personnel and a counselor's report, she provided no details or supporting documentation.

It is settled law that a motion for summary judgment may be utilized in proceedings under Family Court Act article 6 (see, Matter of La Bier v La Bier, 291 AD2d 730; see also, Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182). In this case, the legally sufficient evidence adduced on the summary judgment motion established only that the child repeated kindergarten, that respondent was convicted of an alcohol-related driving offense and moved back into his parents' residence, and that petitioner changed her job and residence. In our view, that evidence does not establish prima facie changed circumstances sufficient to warrant a modification of the prior custody order (see, Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853; Zuckerman v City of New York, 49 NY2d 557, 562; Matter of Lowe v Crawford, 265 AD2d 621, 622).

Crew III, Peters, Spain and Lahtinen, JJ., concur. Ordered that the order is affirmed, without costs.