In the Matter of WILLIAM ORTIZ, Appellant, v BETH WINIG, Respondent, et al., Respondent. [920 NYS2d 441]—

Stein, J. 

Petitioner (hereinafter the father) and respondent Amie Winig (hereinafter the mother) are the parents of a child (born in 2006). In March 2008, Family Court appointed respondent Beth Winig, the child's maternal grandmother (hereinafter the grandmother), as guardian of the child on consent of both parents. In May 2009, the father commenced this proceeding seeking termination of the guardianship and custody of the child. The grandmother moved to dismiss the petition or, in the alternative, for summary judgment. The father cross-moved to have Family Court deny the grandmother's motion and to grant him summary judgment and award him custody of the child. Family Court denied both motions and, after conducting a hearing, dismissed the petition and amended petition[1] and continued the grandmother's guardianship of the child. Family Court also directed the attorney for the child to submit an order directing the Commissioner of Social Services to investigate whether the father is capable of visiting with the child by reason of his diagnosis of bipolar disorder and directed that the Commissioner make arrangements for the father to be evaluated in order to determine whether he has a mental illness or drug addiction requiring supervision. The court further directed that the father's visitation be supervised by the Commissioner until completion of the investigation, and the court being satisfied that the father is capable of visitation without harming the child. The father now appeals.

The father first contends that the grandmother failed to allege extraordinary circumstances sufficient to warrant an inquiry into whether the continuation of her guardianship was in the best interests of the child. We disagree. It is well established that "a biological parent has a right to custody of his or her child superior to that of a nonparent in the absence of . . .

---

1. The father's initial pro se petition was followed by an amended petition, which was apparently prepared by counsel.

'unfitness or other like extraordinary circumstances' " (*Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d 1359, 1360 [2010], *lv denied* 15 NY3d 703 [2010], quoting *Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Here, in her affidavit in support of her motion, the grandmother alleged that the father was not fit to care for the child based upon, among other things, his living situation, his criminal background, including a history of domestic violence toward the mother, his financial circumstances and his lack of "the emotional and intellectual [means] to provide a safe and appropriate environment for [the child's] growth." Based upon the allegations contained in that affidavit, together with the fact that the child had resided with the grandmother since birth, Family Court properly determined that the grandmother had made a prima facie showing of the father's unfitness or other extraordinary circumstances and had raised issues of fact sufficient to warrant denial of the father's cross motion (*see* CPLR 3212 [b]; *Zuckerman v City of New York*, 49 NY2d 557, 560 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *Matter of La Bier v La Bier*, 291 AD2d 730, 732-733 [2002], *lv dismissed* 98 NY2d 671 [2002]).

We likewise find that Family Court's continuation of the grandmother's guardianship of the child is supported by a sound and substantial basis in the record. The father, himself, testified that he has been unemployed for over a year, has extremely limited financial resources and lives in a motel room with only one bed, a bathroom, a microwave and refrigerator, and he conceded that his current financial and housing situation were unstable. He further testified that he has a criminal history and a history of drug use. Significantly, the father also testified that he had been diagnosed as bipolar, but that he was not currently receiving any drug or mental health treatment, despite acknowledging that he has substantial memory problems and anger issues due to that disorder. A caseworker for the Columbia County Department of Social Services testified regarding a recent incident in which the father became so angry that he had to be escorted out of the building in which her office was located. In addition, the father's testimony demonstrated his lack of knowledge regarding the child's general medical and dental condition or certain basic safety requirements pertaining to the child. Finally, we note that the mother agrees that the grandmother's circumstances are significantly more stable than the father's, and she consented to the grandmother's continued guardianship of the child. We conclude that this evidence provides a sound and substantial basis to support Family Court's finding of extraordinary circumstances, and the determination that it

was in the child's best interest to remain in the grandmother's custody (*see Matter of Tennant v Philpot*, 77 AD3d 1086, 1088-1089 [2010]; *Matter of Melody J. v Clinton County Dept. of Social Servs.*, 72 AD3d at 1360-1362).[2]

Nor are we persuaded by the father's contention that, once his petition was dismissed, Family Court was without jurisdiction to order mental health and substance abuse evaluations and to limit his visitation pending the results thereof. In seeking custody of the child, the father placed his mental health and overall parental fitness at issue (*see Moor v Moor*, 75 AD3d 675, 678 [2010]; *Matter of Caccavale v Brown*, 271 AD2d 717, 718-719 [2000]). Furthermore, the issue of visitation was addressed throughout the proceedings (*see generally Matter of Myers v Markey*, 74 AD3d 1344, 1345 [2010]), and Family Court had the opportunity to hear the testimony of the witnesses and, significantly, to observe the father's demeanor. Indeed, Family Court specifically commented that the father's courtroom demeanor raised questions as to his fitness to exercise unsupervised visitation with the child. Family Court's direction that the Commissioner arrange for the father to be evaluated and that his visitation be supervised in the meantime is akin to an order directing an investigation pursuant to Family Ct Act § 1034 and/or an order of protection pursuant to Family Ct Act §§ 655 or 656, although not specifically designated as such. Under the circumstances here, and given Family Court's paramount concern with the best interest of the child (*see generally Moor v Moor*, 75 AD3d at 676; *Matter of Caccavale v Brown*, 271 AD2d at 718), we cannot conclude that this direction was wholly improper. We also note that the court conditioned only unsupervised visitation, not all access to the child, on the satisfactory completion of the evaluations (*see Posporelis v Posporelis*, 41 AD3d 986, 991-992 [2007]). Nonetheless, the order lacks certain necessary provisions including, but not limited to, the duration of its terms (*see e.g.* Family Ct Act § 656), a time for the completion of the evaluations and a direction that the Commissioner report back to the court (*see e.g.* Family Ct Act § 1034 [1], [2] [g]). Thus, the matter must be remitted to Family Court.

Mercure, J.P., Peters, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as directed that petitioner's visitation with the child be supervised and that he undergo mental

---

**2.** While Family Court did not articulate its best interest determination, it is clear from our review of the record that it so found (*see generally Matter of Titus v Guzzey*, 244 AD2d 684, 685 n [1997], *appeal dismissed* 91 NY2d 921 [1998], *cert denied* 523 US 1139 [1998]).

health and drug use evaluations without setting forth a time frame within which to conduct the evaluations and without directing the Commissioner of Social Services to report back to Family Court; matter remitted to the Family Court of Columbia County for further proceedings not inconsistent with this Court's decision, and, pending said proceedings, which shall be held as soon as practicable, the present order shall remain in full force and effect; and, as so modified, affirmed.