In the Matter of JOHN WAYMAN et al., Appellants, v KELLY RAMOS, Respondent, et al., Respondent. (And Three Other Related Proceedings.) [932 NYS2d 199]—

Peters, J.P.

Respondent Kelly Ramos (hereinafter the mother) and respondent Angel Ramos (hereinafter the father) are the parents

---

of two children (born in 2004 and 2006). In July 2007, the mother, who was awarded custody of the children following the parties' separation, left the children with petitioners (hereinafter the grandparents) while she attempted to stabilize her life. In November 2007, upon the mother's consent and the father's failure to appear, joint legal custody of the children was awarded to the grandparents and the mother, with primary physical custody to the grandparents. Shortly thereafter, the mother and father each filed petitions seeking sole custody of the children. In an April 2009 order, Family Court dismissed the parents' petitions on the ground that a sufficient change in circumstances to warrant a modification had not been established. On appeal, we reversed that order and reinstated the petitions, finding that Family Court failed to make a threshold determination regarding the existence of extraordinary circumstances so as to warrant an award of custody to a nonparent and that, on the record then before us, no such extraordinary circumstances existed (*Matter of Ramos v Ramos*, 75 AD3d 1008 [2010]). We then remitted the matter to Family Court for a best interests hearing as between the parents (*id.*).

After the matter was remitted to Family Court, the children continued to reside with the grandparents. In September 2010, the grandparents commenced proceedings seeking sole custody or, in the alternative, visitation with the children based upon allegations that, among other things, the mother and father had only sporadic contact with the children over the 18 months since Family Court's April 2009 order. The mother, who had moved to Florida in April 2009, filed an answer denying the grandparents' allegations and seeking sole custody of the children. Family Court dismissed the grandparents' custody petition without a hearing, concluding that the facts alleged, even if proven, would not constitute extraordinary circumstances.* The grandparents now appeal.

Initially, we disagree with the mother's assertion that the instant appeal has been rendered moot. While this appeal was pending, the parties appeared before Family Court concerning the parents' reinstated custody petitions and the grandparents' visitation petition. After the parents stipulated to a custody arrangement amongst themselves, the parties proceeded to address the issue of the grandparents' visitation and ultimately agreed to a visitation schedule in favor of the grandparents. Family Court thereafter entered an order, based on the agreement of the parents and "upon the stipulation of the parties,"

---

* Family Court permitted the grandparents' visitation petition to go forward.

awarding the parents joint custody of the children and granting the grandparents visitation. This order, as it relates to the grandparents, dealt only with their right to visitation and nothing in the transcript of the proceeding before Family Court establishes that, in stipulating to certain periods of visitation, the grandparents relinquished their right to continue to pursue this custody appeal. Under these circumstances, we do not find this appeal to be moot (*see Matter of Siler v Wright*, 64 AD3d 926, 927-928 [2009]; *Matter of Deuel v Dalton*, 33 AD3d 1158, 1159 [2006]; *Matter of Chittick v Farver*, 279 AD2d 673, 675 [2001]; *compare Matter of Espinosa v Hernandez*, 265 AD2d 755, 756-757 [1999]; *Matter of Ballard v Parker*, 232 AD2d 740, 741 [1996]).

Turning to the merits, we agree with the grandparents and the attorney for the children that Family Court erred in dismissing the grandparents' custody petition without conducting an evidentiary hearing. "[I]n a custody dispute between a parent and a nonparent, the parent's claim is superior in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Turner v Maiden*, 70 AD3d 1214, 1215 [2010] [internal quotation marks and citations omitted]; *see Matter of Kowalsky v Converse*, 79 AD3d 1310, 1311 [2010]; *Matter of Lori MM. v Amanda NN.*, 75 AD3d 774, 775 [2010]). Although "the mere existence of a prior consent order of custody in favor of the nonparent is not sufficient to demonstrate extraordinary circumstances" (*Matter of Mercado v Mercado*, 64 AD3d 951, 952 [2009]; *see Matter of Ramos v Ramos*, 75 AD3d at 1010), "[e]vidence that the parent has failed either to maintain substantial, repeated and continuous contact with a child or to plan for the child's future has been found to constitute persistent neglect sufficient to rise to the level of an extraordinary circumstance" (*Matter of Ferguson v Skelly*, 80 AD3d 903, 905 [2011], *lv denied* 16 NY3d 710 [2011]; *see Matter of Arlene Y. v Warren County Dept. of Social Servs.*, 76 AD3d 720, 721 [2010], *lv denied* 15 NY3d 713 [2010]; *see also Matter of Bohigian v Johnson*, 48 AD3d 904, 905 [2008]). Generally, an evidentiary hearing must be conducted unless the party seeking custody " 'fails to make a sufficient evidentiary showing to warrant a hearing or no hearing is requested and the court has sufficient information to undertake a comprehensive independent review of the [children's] best interests' " (*Matter of Christopher B. v Patricia B.*, 75 AD3d 871, 872 [2010], quoting *Matter of Chittick v Farver*, 279 AD2d at 675; *accord Matter of Twiss v Brennan*, 82 AD3d 1533, 1534 [2011]).

In their September 2010 petitions, the grandparents alleged

that the children had lived with them for over 38 months and that, in the 18 months since Family Court's prior order, the mother and father have abdicated their parental rights and responsibilities. More specifically, the grandparents asserted that the mother moved to Florida in April 2009 and, since that time, she has only visited with the children once. The petitions further alleged that the mother has rarely spoken with the children on the telephone and has not provided the grandparents with an address or telephone number where she can be reached. With respect to the father, the grandparents claimed that he is unable to maintain steady employment and has failed to establish a stable residence, having moved at least five times since March 2009. They also stated that he has had only sporadic contact with the children since that time, and that he has had no contact with the children since July 2010. Liberally construing these allegations (*see Matter of Twiss v Brennan*, 82 AD3d at 1535; *Matter of Williams v Mullineaux*, 271 AD2d 869, 870 [2000]), and considering that the children have resided with the grandparents for most of their young lives, we find that the grandparents set forth sufficient facts which, if established, could support a finding of extraordinary circumstances (*see People ex rel. Secor v Acosta*, 46 AD3d 927, 928 [2007]; *cf. Matter of Ortiz v Winig*, 82 AD3d 1520, 1521 [2011]; *see generally Matter of Bohigian v Johnson*, 48 AD3d at 905-906; *Matter of Bevins v Witherbee*, 20 AD3d 718, 719-720 [2005]). As such, the matter must be remitted to Family Court for a hearing to determine whether extraordinary circumstances exist and, if so, whether it is in the children's best interests for the grandparents to maintain custody.

Rose, Lahtinen, McCarthy and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed petitioners' application for custody of the children; matter remitted to the Family Court of Broome County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.