■ In the Matter of Russell C. Daniels Jr., Petitioner, and Marlene Daniels, Appellant, v Tiffany L. Lushia et al., Respondents. [956 NYS2d 652]—

Stein, J.

It is well settled that a biological parent's custodial rights may not be taken away "absent surrender, abandonment, persisting neglect, unfitness or other like extraordinary circumstances" (*Matter of Bennett v Jeffreys*, 40 NY2d 543, 544 [1976]). Evidence that the parent has failed to maintain "continuous contact with a child or to plan for the child's future has been found to constitute persistent neglect sufficient to rise to the level of an extraordinary circumstance" (*Matter of Wayman v Ramos*, 88 AD3d 1237, 1239 [2011], *lv dismissed* 18 NY3d 868 [2012] [internal quotation marks and citation omitted]). "Additional factors to be considered in an extraordinary circumstances analysis include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the biological parent allowed such custody to continue without trying to assume the primary parental role" (*Matter of Golden v Golden*, 91 AD3d 1042, 1043 [2012] [internal quotation marks and citations omitted]). With few exceptions, an evidentiary hearing is necessary to determine whether extraordinary circumstances exist (*see Matter of Wayman v Ramos*, 88 AD3d at 1239).[2]

In our view, summary judgment was not appropriate under the circumstances here. Although petitioners would ultimately bear the burden of proof at trial, the mother, as the movant for summary judgment, had the initial burden of demonstrating the absence of triable issues of fact regarding the existence of extraordinary circumstances that would warrant interfering with her custodial rights as a biological parent (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Matter of La Bier v La Bier*, 291 AD2d 730, 732 [2002], *lv dismissed* 98 NY2d 671 [2002]). In support of her motion, the mother submitted her attorney's affirmation and the deposition testimony of the father and the grandmother, together with a copy of an unsigned letter from her doctor. The mother asserted, generally, that such evi-

---

2. Conversely, although summary judgment motions are not "expressly sanctioned in custody/visitation proceedings, Family Court Act § 165 (a) permits [their] use to the extent . . . appropriate to the proceedings involved" (*Matter of La Bier v La Bier*, 291 AD2d 730, 732 [2002], *lv dismissed* 98 NY2d 671 [2002] [internal quotation marks and citation omitted]).

dence demonstrated that petitioners could not show the existence of extraordinary circumstances. The evidence submitted by the mother was arguably sufficient to meet her initial burden, thus shifting to the grandmother the burden of demonstrating triable issues of fact as to extraordinary circumstances (*see Cole v Roberts-Bonville*, 99 AD3d 1145, 1147 [2012]).

In opposition to the mother's motion, the grandmother submitted, among other things, the deposition testimony of the mother, the father and the grandmother, as well as the grandmother's affidavits. Such evidence highlighted issues concerning, among other things, the parents' questionable and unstable living conditions, their unemployment and lack of income, the father's incarceration, the mother's questionable mental health, the involvement of child protective services and the parents' unwillingness and/or inability to attend to the child's physical needs. In addition, the grandmother alleged that she was primarily responsible for the care and support of the child for a significant portion of the child's life. When we view all of the evidence in the light most favorable to the grandmother, as the nonmoving party (*see Matter of Julianne XX.*, 13 AD3d 1031, 1032 [2004]; *Lyons v Lyons*, 289 AD2d 902, 903 [2001], *lv denied* 98 NY2d 601 [2002]), we find that there are numerous questions of fact as to whether the parents' deficits rose to the level of an "abdication of or inability to assume parental responsibilities" (*Matter of Gray v Chambers*, 222 AD2d 753, 754 [1995], *lv denied* 87 NY2d 811 [1996]; *see Matter of McDevitt v Stimpson*, 1 AD3d 811, 812-813 [2003], *lv denied* 1 NY3d 509 [2004]), which warranted denial of the mother's motion. Accordingly, this matter must be remitted to Family Court.

To the extent not specifically addressed herein, the parties' remaining contentions have been considered and are either academic or without merit.[3]

Mercure, J.P., Lahtinen, Malone Jr. and Garry, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as granted respondent Tiffany L. Lushia's motion for summary judgment; motion denied and matter remitted to the Family Court of Essex County for further proceedings not inconsistent with this Court's decision; and, as so modified, affirmed.

---

**3.** We note that the position of the attorney for the child at oral argument before this Court differed from his position as set forth in his appellate brief and from the position he articulated in Family Court.