Lynch, J.
Appeal from an order of the Family Court of Albany *1119 County (Duggan, J.), entered December 27, 2013, which, among other things, granted respondents’ motion for summary judgment dismissing petitioner’s applications, in proceedings pursuant to Family Ct Act article 6, for custody of respondents’ child.
Respondent Shakeria XX. (hereinafter the mother) and respondent Alvin YY. (hereinafter the father) are the parents of a child (born in late 2007). In late 2006 or early 2007, the mother, who has six other children, began a relationship and lived with petitioner and the child; petitioner later moved out, at some point taking the child to live with her with the mother’s consent. Although there are factual disputes as to when petitioner moved out and what precisely transpired thereafter, it is undisputed that the child lived with petitioner for many years. In August 2012, the mother consented to an order giving petitioner physical custody and shared legal custody, without prejudice to the father.[1] From 2009 to 2012, the father was incarcerated and, upon his release in December 2012, he petitioned for a modification of custody and visitation and had some limited visitation with the child. The child resided with petitioner until July 2013, when Family Court abruptly issued a temporary order, without an evidentiary hearing, giving primary physical custody of the child, then almost six, to the father, with joint legal custody to the mother and the father. The court declined to order visitation for petitioner, leaving her access to the child up to the mother and the father. The court directed the parties to submit papers on whether there were extraordinary circumstances to support an award of custody to petitioner as a nonparent (see Matter of Bennett v Jeffreys, 40 NY2d 543, 544-545 [1976]).
Petitioner thereafter filed a petition for sole custody and, after the father was again incarcerated, she filed a petition for modification of custody and the mother filed a petition for primary physical custody. Family Court issued a temporary order in November 2013 giving the mother physical custody with visitation to petitioner. The court thereafter concluded, again without a hearing, that petitioner had not demonstrated extraordinary circumstances, granted summary judgment to the mother and father, and dismissed petitioner’s petitions. Petitioner now appeals.
*1120 Under settled law, “a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances” (Matter of Curless v McLarney, 125 AD3d 1193, 1195 [2015] [internal quotation marks and citations omitted]; accord Matter of Battisti v Battisti, 121 AD3d 1196, 1196-1197 [2014]), and the nonparent bears the “heavy burden of establishing extraordinary circumstances to overcome the [parent’s] superior right to custody” (Matter of Roth v Messina, 116 AD3d 1257, 1258 [2014]). “The pertinent factors to be considered in determining whether extraordinary circumstances exist include the length of time the child has lived with the nonparent, the quality of that relationship and the length of time the . . . parent allowed such custody to continue without trying to assume the primary parental role” (Matter of Curless v McLarney, 125 AD3d at6 1195 [internal quotation marks and citations omitted]; accord Matter of Aida B. v Alfredo C., 114 AD3d 1046, 1048 [2014]), as well as “the child’s psychological bonding and attachments, the prior disruption of the parent’s custody, separation from siblings and potential harm to the child” and other relevant factors (see Matter of Pettaway v Savage, 87 AD3d 796, 798 [2011], lv denied 18 NY3d 801 [2011]). A “consent order, standing alone, does not constitute a judicial finding [or an admission] of . . . extraordinary circumstances” (Matter of McBride v Springsteen-El, 106 AD3d 1402, 1403 [2013] [internal quotation marks and citation omitted]). However, we have stressed that, “[w]ith few exceptions, an evidentiary hearing is necessary to determine whether extraordinary circumstances exist” (Matter of Daniels v Lushia, 101 AD3d 1405, 1406 [2012]; see Matter of Wayman v Ramos, 88 AD3d 1237, 1238 [2011], lv dismissed 18 NY3d 868 [2012]).
Upon our review of the parties’ submissions, we find that summary judgment was not appropriate.[2] “[S]ummary judgment should only be granted when there are no material facts *1121 disputed sufficiently to warrant a trial” (Matter of La Bier v La Bier, 291 AD2d 730, 732 [2002], lv dismissed 98 NY2d 671 [2002] [internal quotation marks and citation omitted]; see Matter of Suffolk County Dept. of Social Servs. v James M., 83 NY2d 178, 182 [1994]; Matter of Singer v Levitt, 65 AD3d 634, 634 [2009]). Although petitioner would ultimately bear the burden of proof at trial to show extraordinary circumstances, on this motion, the mother and the father “had the initial burden of demonstrating the absence of triable issues of fact regarding the existence of extraordinary circumstances” (Matter of Daniels v Lushia, 101 AD3d at 1406), “by tender of evidentiary proof in admissible form” (Zuckerman v City of New York, 49 NY2d 557, 562 [1980]), that is, “entitlement to judgment as a matter of law” on this threshold issue (Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]; see Matter of La Bier v La Bier, 291 AD2d at 732-733; CPLR 3212 [b]). Here, the mother and the father did not dispute that the child had lived with petitioner for a majority of his life, during most of which the father was in jail and had limited contact; the mother had consented to the child living with and being cared for by petitioner during most of those years. The father submitted an affidavit averring that he was an “active parent” from the child’s birth until his 2009 incarceration, that he had unquantified visits with the child in prison, and that he “remained active” in the child’s life despite his incarceration. In our view, given the undisputed circumstances under which the child lived with petitioner for most of his life, we do not find that the mother’s and the father’s conclusory submissions demonstrated the absence of triable issues of fact regarding the existence of extraordinary circumstances (see Matter of Battisti v Battisti, 121 AD3d at 1197-1198; Matter of Aida B. v Alfredo C., 114 AD3d at 1049; Matter of Pettaway v Savage, 87 AD3d at 798-799; see also Zuckerman v City of New York, 49 NY2d at 562; Matter of Daniels v Lushia, 101 AD3d at 1406; cf. Matter of Curless v McLarney, 125 AD3d at 1194-1195).
Further, in her petitions, petitioner asserted that she had provided for all of the child’s needs for five years and that she was the only mother he had ever known.[3] In her affidavit, petitioner asserted that she has been his “sole support and caretaker,” neither parent had provided any financial support, *1122 and the mother had visited him only “approximately once per month” with eight overnight visits in 4V2 years. Petitioner disputed most of the father’s assertions, including that he had an active parental role in the child’s life. Under these circumstances and viewing the evidence in the light most favorable to petitioner as the nonmovant, we find that she made a sufficient showing to warrant and, indeed, require an evidentiary hearing on the issue of extraordinary circumstances (see Matter of Daniels v Lushia, 101 AD3d at 1406-1407; Matter of Wayman v Ramos, 88 AD3d at 1239-1240).
Lahtinen, J.P., Garry and Clark, JJ., concur. Ordered that the order is reversed, on the law, without costs, and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court’s decision, and, within 14 days of the date of entry of this order, the court is directed to conduct a hearing and issue a temporary order of custody and visitation pending a prompt determination of the subject petitions.

. Contrary to Family Court’s determination, the transcript of this proceeding confirms that the father, who was incarcerated at the time, participated by phone, was represented by counsel and did not oppose the consent order. Also contrary to Family Court’s determination, counsel in that proceeding expressly consented to having it heard by a Judicial Hearing Officer.

. This is particularly so given that no motion was made by any party (see CPLR 3211 [c]). Moreover, beyond the background review now mandated under Domestic Relations Law § 240 (1) (a-1) (3)—that embraces related decisions pursuant to Family Ct Act article 10, warrants and the statewide registry of orders of protection—it appears that Family Court considered the entire case history and other “records retrieved by the court,” including criminal court records, without prior notice to the parties, in making its determination — a practice this Court previously cautioned was “patently improper” (Matter of La Bier v La Bier, 291 AD2d 730, 732 [2002], lv dismissed 98 NY2d 671 [2002]). These records have not been included in the record on appeal. It is also manifest that the court failed to view the evidence most favorably to petitioner, the nonmoving party, as is required on a summary judg *1121 ment motion, and improperly made credibility determinations on important, disputed factual issues without eliciting any pertinent sworn testimony.

. Petitioner submitted a notarized letter from the mother, signed prior to the consent order, in which the mother gave petitioner and another person “guardianship rights” for the child, attesting that the child had been living with them for 3V2 years, and they had “taken full responsibility for his care *1122 and well-being” and “had power of attorney to make decisions regarding schooling, health care, and place of residence.”