In the Matter of ROMENA Q., Appellant, v EDWIN Q., Respondent, et al., Respondent. ATTORNEY FOR THE CHILD, Appellant. [21 NYS3d 409]—

Lynch, J. Appeal from an order of the Family Court of Sullivan County (McGuire, J.), entered December 23, 2014, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent Edwin Q.'s motion to dismiss the petition.

Petitioner and respondent Edwin Q. (hereinafter respondent), who were married, separated in June 2014. Respondent's daughter, born in 2000 (hereinafter the child), resided with petitioner and respondent during the marriage. On June 2, 2014, respondent left petitioner and the child and moved from the marital home to Pennsylvania. In September 2014, petitioner commenced this proceeding pursuant to Family Ct Act article 6 seeking guardianship of the child, and Family Court appointed petitioner as temporary guardian. After petitioner filed an amended petition in November 2014, Family Court granted respondent's motion to dismiss, finding that the allegations in the amended petition were not sufficient to warrant an evidentiary hearing. Petitioner and the attorney for the child appeal.

Generally, "a parent has a claim of custody of his or her child, superior to that of all others, in the absence of surrender, abandonment, persistent neglect, unfitness, disruption of custody over an extended period of time or other extraordinary circumstances" (*Matter of Curless v McLarney*, 125 AD3d 1193, 1195 [2015] [internal quotation marks and citations omitted]; *see Matter of Bennett v Jeffreys*, 40 NY2d 543, 549 [1976]; *Matter of Burton v Barrett*, 104 AD3d 1084, 1085 [2013]). Accord-

ingly, petitioner, as a nonparent, bore "the heavy burden of first establishing the existence of extraordinary circumstances to overcome [respondent's] superior right of custody" (*Matter of Aida B. v Alfredo C.*, 114 AD3d 1046, 1048 [2014]; *see Matter of Sharon D. v Dara K.*, 130 AD3d 1179, 1180 [2015]).

By amended petition, petitioner alleged that she had lived with the child and been her primary caregiver since 2004. According to petitioner, after respondent moved from their home in Sullivan County to Pennsylvania in June 2014, respondent did not make any effort to see or even contact the child until September 2014. Petitioner alleged that when respondent returned to their home in Sullivan County in September 2014, he frightened the child when he attempted to break into the home while yelling and cursing, whereupon respondent faced pending criminal charges. Petitioner also alleged that, in Pennsylvania, respondent resides with two people who abuse alcohol and/or use marihuana. According to petitioner, during the 10 years that she resided with respondent and the child, she developed a close bond with the child and that it was she, not respondent, who attended to all of the child's "social, educational, medical, spiritual and financial needs," including attending all medical appointments and parent-teacher conferences.

On a motion to dismiss pursuant to CPLR 3211 " 'the pleading is to be afforded a liberal construction. We accept the facts as alleged in the [petition] as true, accord [the petitioner] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable theory' " (*Matter of McBride v Springsteen-El*, 106 AD3d 1402, 1402 [2013], quoting *Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Here, after finding that the "primary issue" presented was whether respondent's conduct could be characterized as "abandonment," Family Court determined that petitioner did not allege sufficient facts to overcome respondent's motion. We disagree.

Where, as here, the issue presented is whether a nonparent has demonstrated a superior right to custody, "[w]ith few exceptions, an evidentiary hearing [will be] necessary to determine whether extraordinary circumstances exist" (*Matter of Daniels v Lushia*, 101 AD3d 1405, 1406 [2012]; *see Matter of Liz WW. v Shakeria XX.*, 128 AD3d 1118, 1120 [2015], *lv dismissed* 25 NY3d 1195 [2015]). To properly assess the factors that may constitute extraordinary circumstances, it is necessary to "consider[ ] the cumulative effect of all issues present in a given case" (*Matter of Curless v McLarney*, 125 AD3d at 1195

[internal quotation marks and citation omitted]), such as "the child's psychological bonding and attachments, the prior disruption of the parent's custody, separation from siblings and potential harm to the child, as well as the parent's neglect or abdication of responsibilities and the child's poor relationship with the parent" (*Matter of Pettaway v Savage*, 87 AD3d 796, 797-798 [2011], *lv denied* 18 NY3d 801 [2011]).

Here, by focusing its review on whether respondent abandoned the child, Family Court did not engage in the necessary, comprehensive analysis of the factors alleged in the petition and, instead, viewed this factor "in isolation" (*id.* at 797). In our view, affording the requisite deference to the amended petition, as we must on a motion to dismiss (*see Matter of Mc-Bride v Springsteen-El*, 106 AD3d at 1402), petitioner alleged sufficient facts to warrant a fact-finding hearing as to whether extraordinary circumstances exist based on the "cumulative effect" of all of the alleged factors.

Lahtinen, J.P., McCarthy and Devine, JJ., concur. Ordered that the order is reversed, on the law, without costs, motion denied, and matter remitted to the Family Court of Sullivan County for further proceedings not inconsistent with this Court's decision.