# State of New York
## Supreme Court, Appellate Division
### Third Judicial Department

Decided and Entered:   December 10, 2015                518550
_____

In the Matter of DANIEL W.
    RYAN,
                    Appellant,

         v                              MEMORANDUM AND ORDER

KARIANNE RYAN NOLAN,
                    Respondent.
_____


Calendar Date:   October 19, 2015

Before:   McCarthy, J.P., Rose, Devine and Clark, JJ.

_____

Maxwell & Van Ryn, Delmar (Paul W. Van Ryn of counsel), for appellant.

Newell & Klingebiel, Glens Falls (Karen Judd of counsel), for respondent.

Michael S. O'Dell, Glens Falls, attorney for the child.

Albert Lawrence, Greenfield Center, attorney for the child.

Rose T. Place, Glens Falls, attorney for the child.

_____


Clark, J.

Appeals (1) from two orders of the Family Court of Warren County (Breen, J.), dated September 19, 2013, which, among other things, in a proceeding pursuant to Family Ct Act article 6, denied petitioner's motion to consolidate and vacated a prior order directing counseling, (2) from an order of said court (Kupferman, J.), dated January 14, 2014, which, among other things, in a proceeding pursuant to Family Ct Act article 6,

denied petitioner's motion for a psychological evaluation, (3) from an order of said court (Kupferman, J.), dated January 23, 2014, which, among other things, in a proceeding pursuant to Family Ct Act article 6, partially denied petitioner's motion to compel discovery, (4) from an order of said court (Kupferman, J.), dated February 10, 2014, which, among other things, in a proceeding pursuant to Family Ct Act article 6, granted respondent's cross motion for summary judgment dismissing the petition, and (5) from an order of said court (Kupferman, J.), dated February 13, 2014, which, among other things, in a proceeding pursuant to Family Ct Act article 6, ordered the parties to encourage one of their children to cooperate in counseling.

Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the divorced parents of three children (born in 2000, 2003 and 2005). Pursuant to a settlement agreement that was incorporated in their April 2011 judgment of divorce, the parties share joint legal and physical custody of the children. In January 2013, the mother filed a petition to enforce said settlement agreement, alleging that the father had violated it by, among other things, making derogatory remarks about her in the presence of the children. The father answered and filed combined demands for discovery. Thereafter, the father petitioned to modify custody on or about July 17, 2013, seeking, among other things, sole legal custody and to restrict the mother's parenting time until she disclosed her alcohol evaluation and treatment records and complied with certain treatment for alcohol abuse. Shortly thereafter, the father moved to consolidate the mother's enforcement petition and his custody petition and to compel discovery. On or about August 7, 2013, the attorney for the children cross-moved to modify a temporary order to discontinue the children's counseling with a licensed psychologist, based upon the wishes of the children and her belief that the therapy had been "tainted" due to the father's counsel's repeated contact with the psychologist. On or about August 8, 2013, the mother cross-moved for, among other things, permission to discontinue her enforcement petition and a protective order denying discovery of her medical and mental health records that predated the judgment of divorce. Family Court (Breen, J.) denied the father's motions to consolidate and

compel discovery, granted the mother permission to withdraw her petition with prejudice, vacated the temporary order directing counseling and denied the mother's request for a protective order because the issue was moot inasmuch as the father's discovery demands related to the mother's petition.

On or about October 18, 2013, the father moved to compel discovery with regard to his modification petition and affirmative defenses and for a psychological evaluation of the parties, the children and the people residing with the parties. Family Court (Kupferman, J.) denied the father's motion for psychological evaluations. Then, on or about January 23, 2014, the court partially granted the father's motion to compel discovery, providing, among other things, that the mother would need to disclose alcohol and substance abuse treatment and evaluation records only from March 31, 2011 until the present time, that only family counseling records from portions of therapy wherein the father was present would be discoverable and that such records would be examined only by counsel, in chambers. The court also set a trial date for February 2014.

On or about January 29, 2014, the father moved for a stay of the trial pending appeal. The mother cross-moved for summary judgment dismissing the father's petition on the basis that the parties had reached an agreement settling the custody dispute. Family Court granted the mother's cross motion for summary judgment dismissing the petition and denied the father's motion for a stay pending appeal as moot. Subsequently, the court issued an order directing the parties to encourage one of the children to engage in counseling. The father appeals from six orders, and his appeals were consolidated by this Court.[1]

_____

[1] The six orders underlying the instant appeals were signed and filed but were not entered. In fact, the Warren County Family Court has informed this Court that they routinely do not enter orders and have not done so for a number of years (see e.g. Matter of Sonley v Sonley, 115 AD3d 1071, 1071 [2014]; Matter of Menditto v Collier, 101 AD3d 1409, 1409 [2012]). Inasmuch as appeals from orders that have not been entered are subject to dismissal (see Family Ct Act § 1118; CPLR 2220 [a]; 5016 [a];

We affirm.  Initially, the father's four appeals from the interlocutory orders must be dismissed because appeals from nonfinal orders are only permitted in limited Family Court proceedings (see Family Ct Act § 1112 [a]).  However, the appeal from the February 10, 2014 final order brings these orders up for our review (see Matter of Curley v Klausen, 110 AD3d 1156, 1156 n 1 [2013]).  Next, in light of the mother's withdrawal of her petition for modification, we find no error in Family Court's denial of the father's motion for consolidation, as consolidation with the other proceeding was no longer possible (see CPLR 602 [a]).

Family Court did not abuse its discretion in only partially granting the father's motion to compel discovery.  The parties to a contested custody proceeding place their physical and mental conditions at issue (see Matter of Ortiz v Winig, 82 AD3d 1520, 1522 [2011]; Moor v Moor, 75 AD3d 675, 678 [2010]).  With that said, however, discovery is not unlimited and Family Court has broad discretion in determining the scope of proof to be adduced (see Matter of Wilson v Hendrickson, 88 AD3d 1092, 1093 [2011]; Matter of Cool v Malone, 66 AD3d 1171, 1173 [2009]).  As relevant here, the inquiry as to whether a change in circumstances warranting modification of a prior custody order has occurred "should be limited to occurrences since the date of the prior custody order" (Matter of Smith v O'Donnell, 107 AD3d 1311, 1312 [2013]).  Thus, we find that Family Court was well within its discretion in limiting discovery to records pertaining to the mother's alleged alcohol and substance abuse since the prior custody order (see Matter of Wilson v Hendrickson, 88 AD3d at 1093; Matter of Cool v Malone, 66 AD3d at 1173-1174).

Family Court likewise did not abuse its discretion in denying the father's motion for psychological evaluations (see

5513 [a]; People v Kemp, 130 AD3d 1132, 1132-1133 [2015]; People v Davis, 130 AD3d 1131, 1132 [2015]), we note that Family Court may not be engaging in the best practice.  However, for purposes of the instant appeals, we deem filing the equivalent of entry for purposes of jurisdiction and treat the filing date as the date of entry.

Family Ct Act § 251 [a]; Matter of Armstrong v Heilker, 47 AD3d 1104, 1106 [2008]).  In light of the information already before the court with respect to the mother's alleged alcohol and substance abuse issues, we agree that a psychological evaluation would have provided minimal additional value to the court (see Matter of Burola v Meek, 64 AD3d 962, 964 [2009]; Matter of Johnson v Williams, 59 AD3d 445, 445 [2009]) and, therefore, contrary to the father's position on the matter, denial of the request was not in error.

Nor do we find error in Family Court's order granting the mother's cross motion for summary judgment dismissing the father's modification petition.  In support of her cross motion, the mother submitted an agreement executed by the parties in January 2014, which addressed parenting time during spring breaks and provided, without limitation, that "[a]ll other provisions of custody shall remain in place and unchanged."  On this basis, we agree that the mother carried her initial burden of demonstrating that the parties had settled their custody dispute and that there remained no issues of fact for the court to decide (see CPLR 3212; Family Ct Act § 165 [a]; Matter of La Bier v La Bier, 291 AD2d 730, 732-733 [2002], lv dismissed 98 NY2d 671 [2002]; Matter of Patricia YY. v Albany County Dept. of Social Servs., 238 AD2d 672, 673 [1997]).  While the father opposed the motion with an affidavit attesting that the agreement was not intended to settle all proceedings, the unambiguous language of the agreement demonstrates otherwise.  Thus, we find that the father's affidavit was insufficient to demonstrate a question of fact regarding the validity or interpretation of the parties' agreement and, accordingly, determine that summary judgment was properly granted (see Matter of Wiltsey v Wiltsey, 294 AD2d 638, 639 [2002]; compare Hopper v Lockey, 241 AD2d 892, 893 [1997]).  Further, in light of the proper dismissal of the father's petition, Family Court did not err in denying his motion for a stay pending appeal (see CPLR 5519 [c]; Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714 [1980]).

The father's remaining contentions, to the extent they have been preserved, have been considered and found to be without merit.

McCarthy, J.P., Rose and Devine, JJ., concur.


ORDERED that the appeals from the orders dated September 19, 2013, January 14, 2014 and January 23, 2014 are dismissed, without costs.

ORDERED that the orders dated February 10, 2014 and February 13, 2014 are affirmed, without costs.


ENTER:

Robert D. Mayberger
Clerk of the Court