*State of New York*
*Supreme Court, Appellate Division*
*Third Judicial Department*

Decided and Entered:  October 20, 2016                    521191
_____

In the Matter of ROBERT OO.,
                    Appellant,
          v                              MEMORANDUM AND ORDER

SHERRELL PP.,
                    Respondent.
_____

Calendar Date:   September 7, 2016

Before:   Peters, P.J., McCarthy, Garry, Rose and Mulvey, JJ.

_____

        Colwell Colwell & Petroccione, Albany (Brett A. Engel of
counsel), for appellant.

        Bailey, Kelleher & Johnson, Albany (Monique B. McBride of
counsel), for respondent.

        Paige E. Crable, Albany, attorney for the children.

_____

Rose, J.

        Appeal from an order of the Family Court of Albany County
(Maney, J.), entered October 28, 2014, which, in a proceeding
pursuant to Family Ct Act article 6, granted respondent's motion
for summary judgment dismissing the petition.

        Petitioner (hereinafter the father) and respondent
(hereinafter the mother) are the unmarried parents of a son (born
in 2007), a daughter (born in 2008) and twins (born in 2009).
Pursuant to a February 2013 order entered on consent, the parties
shared joint legal custody and the mother had primary physical
custody, with a schedule of parenting time for the father.  In
March 2014, the father commenced this modification proceeding
seeking, among other things, primary physical custody of the

children.  In support of his request, the father alleged that the mother, among other things, did not properly supervise the children and used excessive corporal punishment.

The mother moved to dismiss the petition for failure to state a cause of action.  In support of her motion, the mother attached a letter from the Office of Children and Family Services stating that allegations of abuse or maltreatment against her had been determined to be unfounded.  She also proffered a report prepared by a child protective services caseworker for the Albany County Department for Children, Youth and Families (hereinafter the report) that concluded that there were no current safety concerns (see Family Ct Act § 1034).  After the father responded and opposed the motion, Family Court notified the parties that it was treating the motion as one for summary judgment and provided them with time to submit additional proof (see CPLR 3211 [c]; Family Ct Act § 165 [a]).  The court thereafter granted the mother's motion, finding that she had met her burden of establishing the absence of triable issues of fact regarding the existence of a change in circumstances and that the father had failed to raise an issue of fact in opposition.  The father now appeals.

It is well settled that a motion for summary judgment may be utilized in a Family Ct Act article 6 proceeding (see Matter of Daniels v Lushia, 101 AD3d 1405, 1406 n 2 [2012]; Matter of Wiltsey v Wiltsey, 294 AD2d 638, 639 [2002]), but such a motion should be granted only when "there are no material facts disputed sufficiently to warrant a trial" (Matter of Liz WW. v Shakeria XX., 128 AD3d 1118, 1120-1121 [2015] [internal quotation marks and citations omitted], lv dismissed 25 NY3d 1195 [2015]; see Matter of Ryan v Nolan, 134 AD3d 1259, 1262-1263 [2015]).  In a custody modification proceeding, the controlling "material fact" is whether or not there is a change in circumstances so as to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement (see Matter of La Bier v La Bier, 291 AD2d 730, 731 [2002], lv dismissed 98 NY2d 671 [2002]; see also Matter of Tara AA. v Matthew BB., 139 AD3d 1136, 1137 [2016]; Matter of Schmitz v Schmitz, 139 AD3d 1123, 1123 [2016]).

In our view, Family Court erred in concluding that the mother met her initial summary judgment burden. Although the report, which was the result of a Family Ct Act § 1034 investigation, concludes that there were no current safety concerns, the inquiry sought to be addressed by the report — namely, whether a Family Ct Act article 10 proceeding should be initiated (see Family Ct Act § 1034 [1] [a]) — is a separate and distinct inquiry from the one at issue here. Significantly, the report confirms that one of the subject children and the mother's 12-year-old daughter, who is unrelated to the father, disclosed that the mother hits them with "her hand or a belt." The report further reveals that the mother's 12-year-old daughter would "sometimes watch the children overnight when [the] mother goes to work." In addition, one of the subject children reported that he had been left home alone and that, on one occasion, the mother's 12-year-old daughter threw another one of the subject children up in the air "to be mean." In doing so, she accidentally dropped the child and, as a result, the child suffered a broken leg. Based upon these allegations, we find that the mother failed to establish the absence of triable issues of fact as to whether there has been a change in circumstances so as to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement and, thus, an evidentiary hearing is warranted (compare Matter of Ryan v Nolan, 134 AD3d at 1262-1263; Matter of La Bier v La Bier, 291 AD2d at 732-733).

Peters, P.J., McCarthy, Garry and Mulvey, JJ., concur.

ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Albany County for further proceedings not inconsistent with this Court's decision.


ENTER:

Robert D. Mayberger
Clerk of the Court