Matter of Anthony F. v Christy G. (2020 NY Slip Op 01228)





Matter of Anthony F. v Christy G.


2020 NY Slip Op 01228


Decided on February 20, 2020


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: February 20, 2020

528222

[*1]In the Matter of Anthony F., Appellant,
v
Christy G., Respondent.

Calendar Date: January 10, 2020

Before: Garry, P.J., Mulvey, Devine, Pritzker and Colangelo, JJ.


John Ferrara, Monticello, for appellant.
Lindsay H. Kaplan, Kingston, for respondent.
Ivy M. Schildkraut, Rock Hill, attorney for the children.



Pritzker, J.
Appeal from an order of the Family Court of Ulster County (Savona, J.), entered January 8, 2019, which, in a proceeding pursuant to Family Ct Act article 6, granted respondent's motion for summary judgment dismissing the petition.
Petitioner (hereinafter the father) and respondent (hereinafter the mother) are the parents of two children (born in 2013 and 2015). Pursuant to a March 2018 Family Court order, the parties were awarded joint legal custody of the children, with the mother having primary physical custody and the father having limited supervised visitation. The order also provided, among other things, that "six months [of] substantial compliance with this [o]rder[,] by [the father,] shall constitute a change in circumstances entitling . . . him to petition for modification." Approximately five months later, in August 2018, the father petitioned Family Court for modification of the prior order. Following three brief appearances, the mother moved for summary judgment, pursuant to CPLR 3212 (b), asking for dismissal of the petition on the merits. The attorney for the children submitted a letter in support of the mother's motion, and the father opposed the motion. Family Court granted the mother's motion based upon failure to state a cause of action (see CPLR 3211 [a] [7]), and dismissed the father's petition without a hearing. The father appeals.
Initially, Family Court erred in dismissing the father's petition based upon failure to state a cause of action (see CPLR 3211 [a] [7]) when the mother had not requested such relief. However, because we have the same power and discretion as Family Court, and as the record is adequate, we will decide the mother's motion for summary judgment (see Meraner v Albany Med. Ctr., 199 AD2d 740, 742 [1993]). "[A] motion for summary judgment may be utilized in a Family Ct Act article 6 proceeding, but such a motion should be granted only when there are no material facts disputed sufficiently to warrant a trial" (Matter of Robert OO. v Sherrell PP., 143 AD3d 1083, 1083-1084 [2016] [internal citations and quotation marks omitted]; see Matter of Jennifer B. v Mark WW., 159 AD3d 1087, 1088 [2018]). "In a custody modification proceeding, the controlling 'material fact' is whether or not there is a change in circumstances so as to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement" (Matter of Robert OO. v Sherrell PP., 143 AD3d at 1084; see Matter of La Bier v La Bier, 291 AD2d 730, 732 [2002], lv dismissed 98 NY2d 671 [2002]).
Here, the mother failed to meet her initial summary judgment burden. There can be no dispute that only five months had elapsed since entry of the March 2018 order and, as such, the "automatic" change in circumstances provision incorporated in that order had not been triggered. The father, however, sought modification based upon several other alleged changes in circumstance, including that the mother had been disparaging the father in front of the children in violation of the March 2018 order and that she is living in a homeless shelter. The mother, in her motion for summary judgment, makes no mention of these allegations or otherwise attempts to refute them in any way. Therefore, we find that the mother "failed to establish the absence of triable issues of fact as to whether there has been a change in circumstances so as to warrant an inquiry into whether the best interests of the children would be served by modifying the existing custody arrangement and, thus, an evidentiary hearing is warranted" (Matter of Robert OO. v Sherrell PP., 143 AD3d at 1084).
Garry, P.J., Mulvey, Devine and Colangelo, JJ., concur.
ORDERED that the order is reversed, on the law, without costs, motion denied and matter remitted to the Family Court of Ulster County for further proceedings not inconsistent with this Court's decision.